## COMMONWEALTH vs. EDWARD INGERSOLL.

Essex.   Nov. 1, 1887. — Jan. 2, 1888.   DEVENS & KNOWLTON, JJ.,
absent.

The record of a police court, to which a complaint was made, recited that the defendant, "being asked whether he is guilty or not of the offence within charged upon him, pleads *nolo contendere*, but, after hearing divers witnesses duly sworn to testify the whole truth, and fully understanding the defence of said defendant, it is adjudged by the said court that said defendant is guilty of said offence;" and that the defendant was sentenced, and appealed therefrom to the Superior Court. *Held*, that the record did not sufficiently show that the defendant's plea was accepted by the court, and sentence passed thereupon; and that the defendant had the right to plead anew in the Superior Court, and to have a trial by jury.

COMPLAINT to the Police Court of Gloucester, for keeping intoxicating liquors with intent unlawfully to sell the same in this Commonwealth.

The record recited that the defendant was arrested and brought before said court, and the complaint read to him, "and, being asked whether he is guilty or not of the offence within charged upon him, pleads *nolo contendere*, but, after hearing divers witnesses duly sworn to testify the whole truth, and fully understanding the defence of said defendant, it is adjudged by the said court that said defendant is guilty of said offence;" and that the defendant was sentenced.

From this sentence the defendant appealed to the Superior Court, and at May term, 1886, at the request of the defendant, the complaint was placed upon file.

At January term, 1887, the defendant having been convicted upon another complaint, the district attorney moved for sentence upon the former complaint. Whereupon the defendant claimed the right to plead anew, and filed a motion therefor, upon the following grounds: "1. That it did not appear by the record of said Police Court that the plea of *nolo contendere* was received with the consent of the public prosecutor, or accepted by the Commonwealth, or by the court. 2. That no plea had been entered in said Police Court upon which the defendant could be legally tried."

*Hammond,* J., overruled this motion; and ruled that there was nothing for the jury, and that the case was ripe for sentence. The defendant alleged exceptions.

*F. L. Evans,* for the defendant.

*A. J. Waterman,* Attorney General, for the Commonwealth.

MORTON, C. J.  If the defendant in a criminal case pleads guilty, he cannot afterwards retract his plea and plead anew, except by leave of the court.  If, therefore, a defendant pleads guilty in a municipal or police court, and appeals from the sentence to the Superior Court, he cannot of right claim a trial by jury, but is liable to be sentenced upon his original plea in the court below, unless the court gives him leave to plead anew. *Commonwealth* v. *Mahoney,* 115 Mass. 151.  A plea of *nolo contendere,* when accepted by the court, is, in its effect upon the case, equivalent to a plea of guilty.  It is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act.  The judgment of conviction follows upon such a plea, as well as upon a plea of guilty, and such plea, if accepted, cannot be withdrawn, and a plea of not guilty entered, except by leave of court.  But there is a difference between the two pleas, in that the defendant cannot plead *nolo contendere* without the leave of the court.  If such plea is tendered, the court may accept or decline it in its discretion.

If the plea is accepted, it is not necessary or proper that the court should adjudge the party to be guilty, for that follows as a legal inference from the implied confession, but the court proceeds thereupon to pass the sentence of the law.  *Commonwealth* v. *Horton,* 9 Pick. 206.

In *Commonwealth* v. *Adams,* 6 Gray, 359, the complaint was founded upon the St. of 1855, *c.* 215, § 35, which provided that "no admission of the defendant, made in court, shall be received on the trial, without the consent of the prosecutor, except a plea of guilty;" the defendant pleaded *nolo contendere* in the Police Court, but the record did not show that the plea was received with the consent of the prosecutor.  This court held that such consent must appear of record, and that, as it did not so appear, judgment entered upon his plea by the Court of Common Pleas, to which the defendant had appealed, was

erroneous, and that he had the right to plead anew, and to be tried by a jury.

Applying these principles to the case at bar, it follows that, if it appeared by the record of the Police Court, to which the complaint was made, that the defendant's plea of *nolo contendere* was accepted by the court, the Superior Court, upon appeal, could sentence him upon his plea, and decline to permit him to plead anew.

The only difficulty arises from the obscurity of the record of the Police Court. It recites that the defendant, " being asked whether he is guilty or not of the offence within charged upon him, pleads *nolo contendere*, but, after hearing divers witnesses duly sworn to testify the whole truth, and fully understanding the defence of said defendant, it is adjudged by the said court that said defendant is guilty of said offence." This record does not state that the court accepted the plea. The latter part of the record above cited implies that the court did not accept the plea, but proceeded to hear witnesses, and adjudged the defendant to be guilty, as if he had pleaded "not guilty," or had stood mute. If the record had stated that the defendant pleads *nolo contendere*, and thereupon the court passes sentence upon him, it might be held that it showed an accepted plea, although not directly stated to have been accepted, because in such case the action of the court upon the plea would import that it was accepted. But in this case the record implies, not that the court passed sentence upon the plea of *nolo contendere*, but upon an adjudication, after hearing witnesses, that the defendant was guilty. To say the least, the record does not certainly show that the plea was accepted and sentence passed thereupon; and we are of opinion that the defendant had the right to plead anew in the Superior Court, and to have a trial by jury.

*Exceptions sustained.*