STATE OF MAINE *vs.* DANIEL H. HERLIHY.

Hancock.    Opinion December 18, 1906.

*Criminal Law.   Evidence.   Deceased Witness.   Implied Confessions.   Nolo Contendere.   Constitution of* Maine, *Article I, section 6.*
*R. S., chapter 84. section 119.*

At the trial of the respondent before the Ellsworth Municipal Court, upon the charge of keeping intoxicating liquors intended for unlawful sale, one J. M. McFarland testified as a witness called by the State. The respondent was found guilty in that court and sentenced, and the case was then brought to the Supreme Judicial Court for Hancock County upon the respondent's appeal. Prior to the trial in the appellate court, McFarland died ; at that trial the death of McFarland having been shown, the State offered to prove his testimony at the first trial of the case, before the Municipal Court, by the judge of that court who presided at the trial. This testimony was admitted subject to the respondent's exception.

The rule is so general as to have become practically universal that the testimony of a witness, since deceased, given at a trial in which he was cross-examined by the opposite party, or where there was an opportunity for cross-examination, is admissible in evidence at a subsequent trial of the same action or proceeding.

The testimony of a deceased witness, on a former trial of the same action, may be given in evidence, if the substance of it can be proved, although the exact language cannot be.   That it is sufficient to prove the substance of the testimony of a deceased witness, as held by the court of Maine, is now the almost universal doctrine.

*Held:* that the testimony of the Judge of the Ellsworth Municipal Court, who did not pretend to be able to recollect the precise words of the deceased witness, but who testified that he could give the substance of the whole of his testimony at the former trial of the case, that testimony having been given in the presence of the accused, where he had an opportunity to cross-examine the witness, was properly admitted in evidence.

At the trial in the appellate court the respondent took the stand and testified in his own behalf.   Thereupon the State, for the purpose of affecting the credibility of the respondent as a witness, offered the records of this court which, it was claimed, showed the respondent's conviction of criminal offenses upon two occasions.   The record offered in each case contained a summary of the indictment against the respondent, certain statements as to the apprehension of the respondent, and a continuance of the case,

and concluded as follows :   " And now at this term, the respondent is set at the bar of the court and the reading of the indictment waived, and the respondent says that he is not willing to contend against the State. Whereupon, the court orders and sentences that the said Daniel H. Herlihy pay a fine of one hundred dollars and no costs.   Fine paid April 18, 1904."  These records were admitted in evidence for the purpose stated, subject to the respondent's exceptions.

The plea of nolo contendere is an implied confession of the offense charged, and the judgment of conviction follows that plea as well as the plea of guilty.   It is not necessary that the court should adjudge that the respondent was guilty, for that follows by necessary legal inference from the implied confession.

*Held:*  that the records offered and admitted in the case at bar, were admissible for the purpose or affecting the credibility of the respondent who had become a witness in his own behalf.

On exceptions by defendant.    Overruled.

Search and seizure process on a complaint and warrant under R. S., chapter 29, section 49, issued out of the Ellsworth Municipal Court.   On this warrant search was made and certain liquors were seized in a certain building at Bar Harbor, and the defendant was arrested and arraigned before the Ellsworth Municipal Court where he was tried and found guilty and sentenced to pay a fine of $100 and costs and to be imprisoned sixty days.   The defendant then appealed to the Supreme Judicial Court.

During the trial in the Ellsworth Municipal Court, one J. M. McFarland testified against the defendant in behalf of the State, but before the case came on for trial in the Supreme Judicial Court on the defendant's appeal, the witness McFarland had died which fact was duly shown.   Thereupon at the trial in the Supreme Judicial Court, the Judge of the Ellsworth Municipal Court, before whom the case was first tried, was allowed to testify against the defendant's objection, for the purpose of proving the testimony of the deceased witness McFarland at the former trial.   Also at the trial in the Supreme Judicial Court, the defendant took the stand and testified in his own behalf.   After his testimony was in, the State, for the purpose of affecting the credibility of the defendant, and against the defendant's objection, was allowed to introduce certain records of the Supreme Judicial Court which, it was claimed, showed the defendant's conviction of criminal offenses upon two occasions.   These records

show that the defendant had previously been indicted for being a common seller of intoxicating liquors, and also for keeping and maintaining a drinking house and tippling shop, and that upon his arraignment on these indictments he had plead "nolo contendere" in each case, and had been duly sentenced in each case.

To the aforesaid rulings admitting the testimony of the Judge of the Ellsworth Municipal Court and the aforesaid records, the defendant took exceptions.

At the trial in the Supreme Judicial Court, the defendant was found guilty and was sentenced to pay a fine of $100 and costs and to be imprisoned sixty days.

*Charles H. Wood,* County Attorney, for the State.
*E. S. Clark and Elliott N. Benson,* for defendant.

SITTING: WISWELL, C. J., EMERY, SAVAGE, POWERS, SPEAR, JJ.

WISWELL, C. J. This case comes to the Law Court upon two exceptions by the respondent.

I. At the trial of the respondent before the Ellsworth Municipal Court, upon the charge of keeping intoxicating liquors intended for unlawful sale, one J. M. McFarland testified as a witness called by the State. The respondent was found guilty in that court and sentenced, and the case was then brought to the Supreme Judicial Court for Hancock County upon the respondent's appeal. Prior to the trial in the appellate court, McFarland died; at that trial the death of McFarland having been shown, the State offered to prove his testimony at the first trial of the case, before the Municipal Court, by the judge of that court who presided at the trial. This testimony was admitted subject to the respondent's exception.

The rule is so general as to have become practically universal that the testimony of a witness, since deceased, given at a trial in which he was cross-examined by the opposite party, or where there was an opportunity for cross-examination, is admissible in evidence at a subsequent trial of the same action or proceeding. This rule is supported by so many authorities throughout the country that it would

be impracticable to make any attempt to enumerate them.    They may be found in the notes in 11 A. & E. Encycl. of L., 2d Ed., 523 and 526, and in 12 Cyc. 544.    It was early held to be the rule in Massachusetts in *Melvin* v. *Whiting,* 7 Pick. 79, and in *Commonwealth* v. *Richards,* 18 Pick. 534.    In this State the doctrine was first established in *Watson* v. *Proprietors of Lisbon Bridge,* 14 Maine, 201, wherein the court says:    " We doubt not it was competent for the plaintiff to prove what a deceased witness had testified to at a former trial of this cause.    It is liable to no legal objection, and is well sustained by authority and the practice of our courts."    This case was followed by *Emery* v. *Fowler,* 39 Maine, 326, and *Lime Rock Bank* v. *Hewett,* 52 Maine, 531.

It is true that in some jurisdictions it has been thought that the rule was not applicable in criminal trials because of the right of confrontation, so-called, secured to respondents in most states by a constitutional provision similar to that contained in our constitution, as follows: "In all criminal prosecutions the accused shall have a right  .  .  .  .  to be confronted by the witnesses against him." This whole subject, including the effect of such a constitutional provision, is very philosophically considered in Wigmore on Evidence, vol. 2, sec. 1395 et seq. wherein it is shown that the main and essential purpose of confrontation is to secure the opportunity of cross-examination, that, although there is a secondary purpose, that of having a witness present before the tribunal which is engaged in the trial of the case, this is merely desirable, and, where it cannot be obtained, need not be required.    In section 1396, it is said :    " If there has been a cross-examination, there has been a confrontation. The satisfaction of the right of cross-examination disposes of any objection based on the so-called right of confrontation."    In section 1398, after referring to a contrary decision in an early Virginia case, which served for awhile to keep a doubt alive, and of a few cases in other jurisdictions in which the Virginia case was followed, it is said :    " Apart from these rulings, it is well and properly settled that such evidence — assuming always that there has been a due cross-examination — is admissible for the State in a criminal prosecution, without infringing the constitution.    And see the cases therein cited.

In the Massachusetts case above referred to of *Commonwealth* v. *Richards*, it was held that testimony of this character was admissible in a criminal trial against the accused.

But the principal contention of counsel for the respondent in regard to this exception is, that where it is sought to prove the testimony of a witness at a former trial, since deceased, it must be proved by some witness who can remember not only the substance of the whole testimony of the deceased witness, but absolutely the whole testimony, even to his precise words. In support of this contention he relies upon the case of *Commonwealth* v. *Richards*, supra, where that doctrine was laid down, and upon certain other Massachusetts cases in which it was followed. This has never been the rule in this State. Upon the contrary, in *Emery* v. *Fowler*, supra, and in *Lime Rock Bank* v. *Hewett*, supra, the opposite doctrine was distinctly held. In the latter case, the court said : " The testimony of a deceased witness, on a former trial of the same action, may be given in evidence, if the substance of it can be proved, although the exact language of the witness cannot be."

The almost utter uselessness of a rule which permits the testimony of a deceased witness at a former trial to be given at a subsequent trial of the same cause, but which requires it to be repeated in the precise language of such witness, is so apparent that this qualification of the rule has never been generally adopted. That it is sufficient to prove the substance of the whole testimony of the deceased witness, as held by the Maine cases, is now the almost universal doctrine. See the cases cited in an extensive note to *Atchison, etc. R. R. Co.* v. *Osborn*, 64 Kansas, 187, in 91 Am. St. R. 189. See also 2 Greenl. on Evidence, sec. 169, cited and adopted in *Lime Rock Bank* v. *Hewett*, supra. The testimony of the judge of the Ellsworth Municipal Court who did not pretend to be able to recollect the precise words of the deceased witness, but who testified that he could give the substance of the whole of his testimony at the former trial of the case, that testimony having been given in the presence of the accused, where he had an opportunity to cross-examine the witness, was properly admitted in evidence.

II.    At the trial in the appellate court the respondent took the

stand and testified in his own behalf. Thereupon the State, for the purpose of affecting the credibility of the respondent as a witness, offered the records of this court which, it was claimed, showed the respondent's conviction of criminal offenses upon two occasions. The record offered in each case contained a summary of the indictment against the respondent, certain statements as to the apprehension of the respondent, and a continuance of the case, and concluded as follows: "And now at this term, the respondent is set at the bar of the court and the reading of the indictment waived, and the respondent says that he is not willing to contend against the State. Whereupon, the court orders and sentences that the said Daniel H. Herlihy pay a fine of one hundred dollars and no costs. Fine paid April 18, 1904." These records were admitted in evidence for the purpose stated, subject to the respondent's exceptions. The contention of counsel for the respondent is that the records do not show the conviction of the respondent, because there was no adjudication of guilt by the court, and because the plea was that of nolo contendere, rather than of guilty.

By R. S., c. 84, sec. 119, "No person is incompetent to testify in any court or legal proceeding, in consequence of having been convicted of an offense; but such conviction may be shown to affect his credibility." The question, then, is what must the record contain in order to make it admissible for the purpose of proving the conviction of a witness and as affecting his credibility. This question has been recently settled in this State, with reference to the admissibility of the record of a conviction, for this precise purpose in the case of *State* v. *Knowles*, 98 Maine, 429, wherein it is said: "It matters not whether the guilt of the accused has been established by plea or by verdict of guilty. When no issue either of law or of fact remains to be determined, and there is nothing to be done except to pass sentence, the respondent has been convicted; and the record of that conviction, or the docket entries where no extended record has been made, are admissible against him to prove such conviction."

The records of these convictions show that there was no issue of law or of fact to be determined, both cases were ready for sentence, and sentence was in fact imposed in both cases. The plea of nolo

contendere is an implied confession of the offense charged, the judgment of conviction follows that plea as well as the plea of guilty. "And it is not necessary that the court should adjudge that the party was guilty, for that follows by necessary legal inference from the implied confession." *Commonwealth* v. *Horton*, 9 Pick. 206. " A plea of nolo contendere, when accepted by the court, is, in its effect upon the case, equivalent to a plea of guilty." . . . .
If the plea is accepted it is not necessary or proper that the court should adjudge the party to be guilty, for that follows as a legal inference from the implied confession." *Commonwealth* v. *Ingersoll*, 145 Mass. 381. In the case of *State* v. *Knowles*, supra, the docket entries, the record not having been extended, did not show an adjudication of guilt by the court, or sentence, each case having been continued for sentence, but these docket entries were held admissible for this purpose.

We have no doubt of the admissibility of the records offered and admitted in the case at bar, for the purpose of affecting the credibility of the respondent who had become a witness in his own behalf.

*Exceptions overruled.*