STATE OF MAINE *vs.* EDWARD SIDDALL.

Oxford.    Opinion November 4, 1907.

*Criminal Law.   Pleas.   Nolo Contendere.   Withdrawal of Plea.   Discretion of Presiding Justice.*

The plea of nolo contendere when accepted by the court is, in its effect upon the case, equivalent to the plea of guilty. The judgment of conviction follows upon such a plea as well as upon a plea of guilty, and such a plea if accepted, cannot be withdrawn and a plea of not guilty entered except by leave of court.

When a respondent has pleaded nolo contendere and the plea has been accepted by the court, and the respondent afterwards desires to withdraw such plea and have a plea of not guilty entered, the whole matter is in the sound discretion of the presiding Justice and the Law Court will not interfere except in a case of abuse of that discretion.

In the case at bar, *Held:* That no such abuse has been shown.

On exceptions by defendant.    Overruled.

· Two indictments for single sales of intoxicating liquors were found against the defendant. The alleged sales were made at the same time and were parts of one and the same transaction.

On one these indictments, No. 32, the defendant first pleaded not guilty, but subsequently he withdrew his plea of not guilty and pleaded nolo contendere. This plea was accepted by the court.

On the other indictment, No. 33, the defendant pleaded not guilty, and was placed on trial. The jury returned a verdict of not guilty, and the defendant was duly discharged on this indictment,

After the verdict of not guilty in No. 33, the defendant moved to be allowed to retract his plea of nolo contendere in No. 32 and be permitted to plead not guilty.

This motion was denied and the defendant was duly sentenced. Thereupon the defendant took exceptions to the ruling denying his motion.

The case appears in the opinion.

*Charles P. Barnes*, County Attorney, for the State.

*Matthew McCarthy*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, STROUT, SPEAR, CORNISH, KING, JJ.

SPEAR, J. At the March term of the Supreme Judicial Court for Oxford County, 1906, Edward Siddall was indicted for selling "one glass of whiskey of intoxicating liquors to one Joseph Cameron." At the March term, 1907, the respondent entered a plea of not guilty. Subsequently he withdrew the plea of not guilty and pleaded nolo contendere.

The defendant was also indicted for a single sale to one Edwin G. Wiggett. To this indictment he entered a plea of not guilty, was tried and acquitted. It seems that the alleged sales were made to Cameron and Wiggett at the same time and were parts of one and the same transaction.

"On the trial of the latter case, Joseph Cameron, to whom in this indictment it, is alleged the sale of intoxicating liquor was made, testified that on the 17th day of January 1906, at Rumford Falls, in a place called the Siddall Beer Shop, one Edwin G. Wiggett bought two glasses of whiskey, from a party not the respondent, and whose name, to said Cameron was unknown, and that he, Cameron, at the same time, bought two glasses of whiskey from the same person. And the said Cameron further testified, on cross examination, that he had no knowledge of who were the proprietors of the place." It also appeared in evidence, that the term "Siddall Beer Shop," was a general term, used to designate the place, regardless of the name of the proprietors."

VOL. CIII 10

Counsel for respondent thereupon moved that the respondent be allowed to retract his plea of nolo contendere and plead not guilty. This motion was overruled by the court and the respondent sentenced. To this ruling exceptions were taken.

"A plea of nolo contendere when accepted by the court, is, in its effect upon the case, equivalent to the plea of guilty. . . . . The judgment of conviction follows upon such a plea as well as upon a plea of guilty, and such a plea if accepted, cannot be withdrawn and a plea of not guilty entered except by leave of court." *Commonwealth* v. *Ingersoll*, 145 Mass. 381.

The whole matter was in the sound discretion of the Justice presiding, and this court will not interfere except in a case of abuse of discretion. In the case at bar, the facts rehearsed in the exceptions have no tendency to indicate such abuse. A verdict of not guilty is by no means always conclusive or even satisfactory evidence to a presiding Justice that the party acquitted is innocent.

But in this particular case the respondent who had the best possible knowledge of the truth, entered a plea which admitted that he was guilty, but when the jury in another case involving the same state of facts, found that he was not guilty, he then seemed to have been persuaded by the verdict of the jury that he might have been mistaken, and wished to retract his plea of nolo and plead not guilty. But we think the presiding Justice was clearly justified in placing greater confidence in the voluntary and apparently honest declaration of the respondent as to his guilt, than in the finding of the jury in the other case.

Under all the circumstances, the court are of the opinion that the presiding Justice did not err in giving full credence to the first impression of the respondent.

*Exceptions overruled.*