## TUCKER v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1912.)

### No. 1,776.

**1.** CRIMINAL LAW (§ 275*)—PLEA OF "NOLO CONTENDERE"—NATURE AND EFFECT.

The so-called plea of "nolo contendere" is not a plea in the strict sense of that term in the criminal law. It is not one of the pleas, general or special, open to the accused in all criminal prosecutions and is allowable only under leave and acceptance by the court. When accepted by the court, it becomes an implied confession of guilt, and for the purposes of the case only equivalent to a plea of guilty, but distinguishable from such plea in that it cannot be used against the defendant as an admission in any civil suit for the same act.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 635; Dec. Dig. § 275.*

For other definitions, see Words and Phrases, vol. 5, pp. 4814, 4815.]

**2.** CRIMINAL LAW (§ 275*)—PLEA OF NOLO CONTENDERE—WHEN ALLOWABLE—LIMITATIONS OF RULE.

Under the common-law rule, which governs in the federal courts, to authorize the court to entertain a plea of nolo contendere the case must be within the class of misdemeanors for which punishment may be imposed by fine alone, although the offense may as well be punishable by imprisonment, at the discretion of the court, either as an alternative of fine or in addition thereto, or to enforce payment of the fine; and such plea cannot be accepted either in cases of felony requiring infamous punishment to be imposed on conviction, or in cases of misdemeanor for which the punishment must be imprisonment for any time, with or without fine.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 635; Dec. Dig. § 275.*]

**3.** CRIMINAL LAW (§ 275*)—PLEA OF NOLO CONTENDERE—WHEN ALLOWABLE.

When an indictment contains counts charging offenses for which the statute requires the imposition of punishment by both fine and imprisonment and others for offenses which may be punished by fine alone, the court has authority to allow a tendered plea of nolo contendere; but in such case the further proceedings and punishment must be confined to the latter class of counts to which alone the plea is applicable.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 635; Dec. Dig. § 275.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. CRIMINAL LAW (§ 275*)—JURISDICTION—CONVICTION WITHOUT JURY TRIAL.** Where a plea of nolo contendere was tendered to an indictment containing counts some of which charged offenses which required punishment by both fine and imprisonment, while on others a fine alone might be imposed, the action of the court in hearing evidence, making a finding of guilty as charged and sentencing defendant to both fine and imprisonment, was inconsistent with the acceptance of such plea, and the judgment of conviction without a jury trial was without jurisdiction and void.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 635; Dec. Dig. § 275.*]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Criminal prosecution y the United States against Abraham Tucker. Judgment of conviction, and defendant brings error. Reversed.

This writ of error is brought from a sentence and judgment against the plaintiff in error, under an indictment which charges (in several counts) violations of the internal revenue statutes, described in the brief for defendant in error as "aiding and abetting in the removal of nontax-paid spirits, concealing nontax-paid spirits, the reuse of stamped packages, the failure to destroy revenue stamps upon the removal of the spirits contained in certain packages, and charges of like nature."

The record shows: That the accused appeared with his attorney and "by leave of court" withdrew his plea of not guilty; that being "now arraigned upon the indictment," he "pleads nolo contendere thereto"; that the court then directed the cause set for hearing; that sundry hearings of evidence ensued, and the court took "the cause under advisement"; and that thereafter judgment was pronounced as follows:

"Come again the parties by their attorneys and the defendant in his own proper person, and the court, having considered and being fully advised in the premises, finds the defendant Abraham Tucker guilty as charged in the indictment, and the defendant being asked by the court if he has anything to say why the sentence and judgment of the court should not now be pronounced upon him and showing no good and sufficient reasons why sentence and judgment should not be pronounced, it is therefore considered and ordered by the court and is the sentence and judgment of the court upon the finding of guilty as aforesaid, that said Abraham Tucker be confined and imprisoned in the United States penitentiary at Leavenworth, Kan., for and during a period of 18 months, and that he forfeit and pay to the United States a fine in the sum of $2,500 besides the costs in this behalf expended, for which let execution issue."

Elijah N. Zoline, for plaintiff in error.

James H. Wilkerson and Harry A. Parkin, for the United States.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). The indictment against the plaintiff in error contains several counts, charging violations respectively of internal revenue statutes, which are not punishable alike. In one or more counts the charge appears to rest on section 3296, R. S. (U. S. Comp. St. 1901, p. 2136), which imposes both fine and imprisonment—the fine to be not less than $200, nor more than $5,000, and the imprisonment not less than three months nor more than three years—while other counts appear to charge offenses which are either punishable by fine alone, or may be so punished. It is contended therefore that the offenses charged under section 3296 are

statutory felonies—both as defined in section 335 of the New Criminal Code, 35 U. S. Stat. p. 1152, alleged to be applicable to the case, and under the authorities exemplified and cited in Fitzpatrick v. United States, 178 U. S. 304, 307, 20 Sup. Ct. 944, 44 L. Ed. 1078—although such offenses may be punished, as in cases of misdemeanor, by fine and imprisonment for a term less than one year. The sentence and judgment of the trial court imposed a fine of $2,500 and imprisonment for 18 months, as for a felony, reciting (among other statements) that the court "finds the defendant Abraham Tucker guilty as charged in the indictment," while the record shows sundry hearings before the court, without a jury, after the defendant "by leave of court" withdrew "his plea of not guilty," theretofore entered, and "being now arraigned * * * pleads nolo contendere." Whereupon the cause was set down for subsequent hearing.

For reversal of this judgment the contentions are, in substance:

(1) That the purported plea of nolo contendere was not entertainable under the assumed charge of felony, nor under any charge requiring imprisonment, and thus constituted no answer to the indictment, so that the conviction, without jury trial, was unauthorized; or, if entertainable, (2) that the judgment is in derogation of such plea and unauthorized. Both propositions rest on the common-law definitions of this plea of "nolo contendere," and it is unquestionable that the common-law rule must govern, in the absence of any federal statute providing therefor; and the questions thus raised, by way of challenging the judgment, are plainly involved for decision in the case at bar. However frequent and general the practice may have been, in the federal jurisdiction to allow such plea in like criminal prosecutions, as stated by counsel in the arguments, the only reported case cited as a federal precedent is United States v. Hartwell, 3 Cliff. 221, 26 Fed. Cas. No. 15,318, and in that case (as hereinafter explained) the question whether the plea of nolo contendere therein referred to was allowable, under the common-law rules, is neither decided nor mentioned. So the answer to either of the contentions must be derived from definitions of the plea in the common-law authorities.

[1] 1. How is the plea of nolo contendere thus limited and defined?

These premises for the inquiry are well recognized alike in all the citations: The so-called plea raises no issue of law or fact under the indictment, is not one of the pleas, general or special, open to the accused in all criminal prosecutions, and is allowable only under leave and acceptance by the court. It is not a plea, in the strict sense of that term in the criminal law, but a formal declaration by the accused, that "he will not contend with the" prosecuting authority under the charge. When accepted by the court, it becomes an implied confession of guilt, and, for the purposes of the case only, equivalent to a plea of guilty, but distinguishable from such plea, in that it "cannot be used against the defendant as an admission in any civil suit for the same act."

The leading authority upon this plea—accepted as such in Chitty's Criminal Law and other text-books and in the line of American decisions cited below—appears in Hawkins Pleas of the Crown, published

early in the eighteenth century. The rule is thus stated, in chapter 31, under the title "Of Confessions and Demurrer" (volume 2 [8th English Ed.] p. 466), after reference to the express confession of guilt, as follows:

"An implied confession is where a defendant, in a case not capital, doth not directly own himself guilty, but in a manner admits it by yielding to the king's mercy, and desiring to submit to a small fine; in which case, if the court think fit to accept of such submission, and make an entry that the defendant posuit se in gratiam regis, without putting him to a direct confession, or plea (which in such cases seems to be left to discretion), the defendant shall not be estopped to plead not guilty to an action for the same fact, as he shall be where the entry is quod cognovit indictamentum."

In Chitty's Criminal Law, c. 10 (see 4th Am. from 2d London Ed. p. 430), the author thus states the rule:

"An implied confession is where, in a case not capital, a defendant does not directly own himself to be guilty, but tacitly admits it by throwing himself on the king's mercy, and desiring to submit to a small fine, which the court may either accept or decline, as they think proper. If they grant the request, an entry is made to this effect, that the defendant 'non vult contendere cum domina regina et posuit se in gratiam curiæ,' without compelling him to a more direct confession. The difference in effect between an implied and an express confession is that, after the latter, not guilty cannot be pleaded to an action of trespass for the same injury; whereas it may at any time be done after the former. But no confession, however large and explicit, will prevent the defendant from taking exceptions in arrest of judgment to faults apparent in the record; for the judges must ex officio take notice of them, and any one, as amicus curiæ, may point out the exceptions."

The only judicial expression of the rule in England, referred to in any of the authorities cited, appears in Salkeld's Reports of decisions by Chief Justice Holt, in Queen v. Templeman, decided in 1778 (volume 1, p. 55), reported as follows:

"Upon a motion to submit to a small fine, after a confession of the indictment which was for an assault, Holt, Chief Justice, took a difference where a man confesses an indictment, and where he is found guilty; in the first case a man may produce affidavits to prove son assault upon the prosecutor in mitigation of the fine: otherwise where the defendant is found guilty; for the entry upon a confession is only non vult contendere cum domina regina pon se in gratiam curiæ.

"Defendants may submit to a fine, though absent, if they have a clerk in court that will undertake for the fine. Hill. 2 Ann. Hickeringil's case was that he and his daughter were indicted for trespass, and Hickeringil only appeared on the motion to submit to a small fine. But where a man is to receive any corporal punishment, judgment cannot be given against him in his absence, for there is a capias pro fine; but no proofs to take a man and put him on the pillory. Vide tit. Judgments. * * * Duke's case."

The foregoing are the only English definitions of the "nolo contendere" plea which have come to our attention as directly applicable to the present inquiry; and it is unquestionable thereunder that capital cases of that period were not within the rule for allowance of the plea when the common-law rules became operative in this country. Whether these definitions exclude, as well, all cases of indictment for felony, as contended on the part of the plaintiff in error, is a question not free from difficulty. While a leading American text-book on criminal law and procedure (1 Bishop's New Criminal Procedure, § 802, and in earlier editions) states that "it is pleadable only by leave of court and

in light misdemeanors," we are not advised of any judicial ruling, English or American, which either expressly so limits the plea, or designates the class of cases wherein it may be accepted.

By way of support for the plea in the case at bar, the above-mentioned federal case and several lines of state court cases are relied upon. In the federal case (United States v. Hartwell, ante) the report states, in effect, that the indictment ran against three defendants, one charged, as a public officer, with embezzlement of public funds in his keeping, and the other two charged with advising and participating in such officer's unlawful acts; that the act of the officer was a statutory felony, while the charge against the other defendants was characterized as a misdemeanor; that at the opening of the trial the officer (principal) "retracted his plea of not guilty and pleaded nolo contendere, which was accepted by the district attorney"; that the principal "retired from the bar and the jury were impaneled for the trial of the other defendants," and their conviction ensued; and that the hearing reported was before the Circuit Justice and District Judge on their motion, upon exceptions, for a new trial. The opinion of Mr. Justice Clifford (as Circuit Justice) overruling the various exceptions does not indicate that it was questioned or considered in the case whether the plea of nolo contendere on the part of the principal defendant was rightly allowed, and we understand the motion to be denied irrespective of such allowance or its effect. The ruling appears to be, in substance, that the remaining defendants were charged and convicted under the statute for aiding and abetting the embezzlement, as confederates and principals, "differing only in degree" from the offense charged against the other defendant, the treasury officer, and that conviction of such officer was not needful to uphold their conviction. While the opinion proceeds in further extended discussion of the case, on the theory for which these defendants contended, that they were charged as mere accessories, not principals in any sense, and (upon review of the authorities) indicates the view that, treated as accessories, the evidence of sundry confessions of guilt on the part of the principal defendant was admissible and sufficient to support their conviction. In the course of such remarks, mention is made of the action of the principal defendant as tantamount to conviction, and that the suggestion of "a distinction between the plea of nolo contendere and the plea of guilty" was entitled to no weight, as it is well settled that the legal effect of the former is the same as that of the latter, so far as regards all the proceedings on the indictment"—citing Com. v. Horton, 9 Pick. (Mass.) 206, and 1 Wheat. Crim. Law. We do not understand the decision to rest thereon, nor that the reference to the plea amounts to judicial confirmation of its allowance by the trial court, nor bears upon the present inquiry, beyond such value as may appear from the fact of allowance, seemingly unquestioned.

The other American citations are from various state reports, recognizing and defining the plea of nolo contendere in its common-law nature and effect, and the opinions are exceedingly instructive and harmonious in the definitions we have recapitulated. They are as follows:

In Massachusetts (Com. v. Horton, 9 Pick. 206; Com. v. Tilton, 8 Metc. 232; Com. v. Adams, 6 Gray, 359; Com. v. Ingersoll, 145

Mass. 381, 14 N. E. 449); in Rhode Island (State v. O'Brien, 18 R. I. 105, 25 Atl. 910, and State v. Conway, 20 R. I. 270, 38 Atl. 656); in New Hampshire (State v. La Rose, 71 N. H. 435, 52 Atl. 943); in Maine (State v. Siddall, 103 Me. 144, 68 Atl. 634, and State v. Herlihy, 102 Me. 310, 66 Atl. 643); and in other states (Peacock v. Judges, etc., 46 N. J. Law, 112; Com. v. Holstine, 132 Pa. 357, 19 Atl. 273; Birchard v. Booth, 4 Wis. 67, 90). Although the question here presented of limitation placed upon allowance of the plea at common law is neither decided (in terms) nor referred to in any of these cases, it is contended that inferential authority appears therein for the proceedings in the case at bar, for the reason that two of the cases involved both fine and imprisonment under the plea and two others involved imprisonment alone. The cases referred to are: State v. Herlihy, 102 Me. 310, 66 Atl. 643, and Com. v. Holstine, 132 Pa. 357, 19 Atl. 273—each showing the plea allowed under a charge of misdemeanor and sentence of fine and minor term of imprisonment; State v. Conway, 20 R. I. 270, 38 Atl. 656, showing plea allowed under a charge of larceny and imprisonment thereupon; and Peacock v. Judges, etc., 46 N. J. Law, 112, wherein the plea was entered under charge of conspiracy, followed by sentence (as reported) "to the State Prison." Whether allowance of the plea in either of these cases was governed by statute—as in Massachusetts, vide Com. v. Adams, 6 Gray, 359—we are not advised, nor is it deemed needful to attempt inquiry for the reason of passing either of such allowances unquestioned. We believe these mere instances of fact, appearing alone in the facts of the case without comment in the opinion, are not entitled to consideration and force (persuasive or otherwise) as rulings of the courts respectively, that such pleas were accepted under and within the common-law rule, and that they neither control nor aid the inquiry, whether nolo contendere was pleadable in the case at bar.

In this view, statutory regulation of the plea, in accord with the present-day legislation in respect of crimes and their punishment, would seem desirable—as instanced in various states—and without provision therefor in federal statutes, the elementary common-law authorities must furnish the solution. While they concur, as above stated, in the terms of their rule, difficulty may arise in applications thereof to American conditions. Thus formulated in the eighteenth century, the common-law rule distinctly limits the plea, as an implied confession, to "a case not capital," with the further provisions that it constitutes a "submission" which may be accepted by the court "where a defendant * * * doth not directly own himself guilty, but in a manner admits it by yielding to the king's mercy, and desiring to submit to a small fine." And the first inquiry raised is whether these requirements do not exclude as well all cases of felony.

Although at the period of adoption of the rule most of the crimes termed felonies were also capital cases, not all felonies were punished by death, so that the term "capital cases," taken alone, would not include all felonies, either as then defined or under our later American definitions, statutory and judicial. We believe Blackstone's definition to be applicable for the inquiry, namely, that felony is "an offense which occasions a total forfeiture of either lands or goods,

or both, at the common law; and to which capital or other punishment may be superadded according to the degree of guilt" (2 Cooley's Blackstone, book 4, p. 93); and that the distinction of capital cases therefrom, as pointed out by him (page 97), must be observed, notwithstanding his remark, that such meaning was "repugnant to the general idea which we now entertain of felony, as a crime to be punished by death."

Nevertheless, the further provisions of the rule are of undoubted force in its interpretation; and while they refer only to the punishment which may be within the contemplation of such submission, we believe the rule thus excluded by necessary implication, not only capital cases, but all offenses at common law for which punishment must be imposed inconsistent with the purposes of the rule. The settled policy at common law in reference to the reception of the so-called "express confession" of the accused on arraignment, or plea of guilty, may be instructive as a background for this rule, namely, that such confessions were not commonly accepted and recorded as convictions in cases of felony. In Hawkins Pleas of the Crown (volume 2, § 2, p. 466), it is stated (in the paragraph immediately preceding the definition above quoted as to "implied confessions"):

"And where a person upon his arraignment actually confesses himself guilty, or unadvisedly discloses the special manner of the fact, supposing that it doth not amount to felony, where it doth, yet the judges, upon probable circumstances that such confession may proceed from fear, menace, or duress, or from weakness or ignorance, may refuse to record such confession, and suffer the party to plead not guilty."

And Sir Mathew Hale (2 Pleas of the Crown, c. 29, p. 225) thus states the rule as to express confessions:

"That which I call a simple confession is, where the defendant upon hearing of his indictment without any other respect confesseth it, this is a conviction; but it is usual for the court, especially if it be out of clergy, to advise the party to plead and put himself upon his trial, and not presently to record his confession, but to admit him to plead."

[2] The allowance of the "implied confession" as a nolo contendere plea, thus defined to be the defendant's yielding to mercy in the punishment, "and desiring to submit to a small fine," necessarily implies, as we believe, that the case for such allowance must be within the class of misdemeanors for which punishment may be imposed by fine alone, although the offense may as well be punished by imprisonment, at the discretion of the court, either as an alternative of fine, or in addition thereto, or to enforce payment of the fine. That such desire (or request, express or implied) on the part of the accused "to submit to a small fine" can neither serve to limit the fine to the minimum prescribed for the offense, nor constitute the measure of fine which may be imposed within the exercise of judicial discretion—that "a small fine" is thus mentioned in the rule as a relative term, intending substantially less than the maximum—we have no doubt. This provision, however, for such purpose in the submission—as the object sought by the defendant in electing to submit without contest—requires construction of the rule accordingly, as limited to cases consistent with the purpose thus declared. So defined, the

rule affords no ground for entertaining the plea, either in cases of felony, requiring infamous punishment to be imposed on conviction, or in cases of misdemeanor for which the punishment must be imprisonment for any term, with or without a fine. Constrained to this interpretation of the narrow purpose and use of the plea at common law, by the express provisions of the rule thus handed down, we believe extension of the allowance to include even misdemeanors for which imprisonment must be imposed is unauthorized—however desirable it may seem—without statutory provision therefor. In arriving at such conclusion, we have not overlooked the settled doctrine that such short terms of imprisonment were not "infamous punishment," as defined in England and America for more than a century (see Mackin v. United States, 117 U. S. 348, 351, 6 Sup. Ct. 777, 29 L. Ed. 909, and Fitzpatrick v. United States, ante), nor the fact that imprisonment, at the time the rule was adopted, was frequently made the alternative of fines, or imposed together with a fine for "crimes of inferior nature" (2 Cooley's Black. book 4, p. 5) "in which the public punishment is not severe, but affords room for private compensation"—imposed also for commercial indebtedness—and was regarded with far less opprobrium than attaches to every form of imprisonment at the present day. Neither of these considerations appears to have entered into the framing of the rule, and we are not at liberty to adopt a different rule for application to the case at bar.

[3] The contention, however, that the trial court was without jurisdiction to allow the plea under the indictment in the present case, we believe to be untenable, notwithstanding the foregoing interpretation of the rule. It is undoubted that the counts of the indictment, charging an offense for which at least three months' imprisonment must be imposed with a fine, are not within such interpretation, but other counts (as above mentioned) charge offenses which may be punished by fine alone, and thus furnish ground for entertaining the nolo contendere plea, as "in the nature of a compromise" between the prosecutor and the defendant. The plea is thus well characterized, under the definitions of Hawkins and Chitty, in State v. La Rose, 71 N. H. 435, 438, 52 Atl. 943, viz.:

"The plea is in the nature of a compromise between the state and the defendant—a matter not of right, but of favor. Various reasons may exist why a defendant conscious of innocence may be willing to forego his right to make defense if he can be permitted to do so without acknowledging his guilt. Whether in a particular case he should be permitted to do so is for the court."

So, it was within the authority of the prosecuting officer to elect to stand, for the purposes of the plea, on the counts applicable thereto, and was plainly within the jurisdiction of the court to approve such submission. Were the subsequent proceedings consistent with acceptance of the plea in that view, we are satisfied that no reversible error would appear in allowance thereof.

[4] 2. The further propositions of error—in substance, that both proceedings and judgment are in derogation of the plea—we believe to be well assigned as cause for reversal, namely: (1) It does not appear in the record that the plea tendered on behalf of the defend-

ant was either accepted in fact as a nolo contendere plea, or substantially so treated (within the foregoing definition) in the subsequent proceedings. (2) The record shows, in substance: That the cause was set down for hearing; that sundry hearings of evidence ensued whereupon the court took "the cause under advisement"; that "the court having considered and being fully advised in the premises, finds the defendant * * * guilty as charged in the indictment"; and that sentence was then pronounced, without mention of the plea. (3) The sentence and judgment directs, "upon the finding of guilty as aforesaid," imprisonment in the penitentiary for 18 months and payment of a fine of $2,500 and costs.

That these proceedings and recitals leading up to the judgment are inconsistent with acceptance of the nolo contendere plea as tendered must be presumed, as we believe, under either of the contentions for interpretation of the rule. It may be that evidence may be heard under such plea for the purpose of determining the amount of fine to be imposed, but no issue is presented for trial under the indictment, and no adjudication of guilt is authorized. Com. v. Horton, 9 Pick. (Mass.) 206; Com. v. Ingersoll, 145 Mass. 381, 382, 14 N. E. 449. The evidence referred to in the record is not preserved, but no presumption can be indulged, in the light of the various recitals, with no acceptance of the plea mentioned, that the evidence was received otherwise than for the purpose of the finding, upon which the judgment appears to be pronounced. Moreover, the judgment is alike inconsistent with acceptance of the plea, as above defined, in pronouncing imprisonment in the penitentiary for 18 months. The record, therefore, furnishes no ground to support the judgment as resting on acceptance of the plea (Com. v. Ingersoll, supra), thus leaving it unsupported for want of either of the authorized pleas to the indictment.

The judgment of the District Court is reversed, accordingly, and the cause is remanded, with direction either to accept or refuse acceptance of such plea as tendered, and proceed thereupon in conformity with law.