THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ABRAHAM M. DAIBOCH, Appellant.

First Department, February 2, 1934.

*Samuel Gottlieb* of counsel [*Hyman Bushel* with him on the brief; *Bushel & Gottlieb,* attorneys], for the appellant.

*John C. McDermott, Deputy Assistant District Attorney,* of counsel [*A. A. DeVito* with him on the brief; *Thomas C. T. Crain, District Attorney*], for the respondent.

GLENNON, J.    The defendant was indicted for the crime of forgery in the second degree.    He entered a plea of guilty in the Court of General Sessions and was sentenced to State prison for a term not less than three years and not more than ten years.

Subsequently, the district attorney of the county of New York filed an information wherein it was charged: " The said defendant on or about the 25th day of March, 1924, in the Court of Essex

Quarter Sessions, County of Essex, State of New Jersey, before Hon. Edwin C. Caffrey, a judge of said Court, was duly by law convicted of the crime of false pretense, sentence suspended and placed on probation for a period of two years." On January 5, 1933, the defendant was arraigned and the information was read. The record shows that defendant " stands mute." As a consequence, he was entitled to a trial on the information. On February 17, 1933, a jury was duly impaneled and sworn.

The evidence offered on the trial indicates that the defendant was indicted in New Jersey on November 27, 1923. It was charged in that indictment that the defendant on the 19th day of September, 1922, " unlawfully, knowingly and designedly did falsely pretend to the said Mutual Bank of Roseville, that a certain bank check * * * for one thousand dollars, upon the First National Bank of Belleville, New Jersey, was then and there good and that there were then and there sufficient funds in the said First National Bank of Belleville, New Jersey, to meet said check; whereas, in truth and fact * * * there were not then and there sufficient funds in the said the First National Bank of Belleville, New Jersey, to meet said check, as he, the said Abram M. Daiboch then and there well knew."

On December 3, 1923, defendant entered a plea of not guilty. The trial of the case was adjourned on several occasions during the months of January and February, 1924. On February 19, 1924, defendant retracted his plea of not guilty and entered a plea of non vult. On March 25, 1924, the court suspended sentence and placed the defendant upon probation for a period of two years on condition that defendant pay to the probation officer the sum of twenty-five cents a week for the period of two years. No judgment of conviction appears to have been entered. Whether or not it was the practice in the State of New Jersey to enter a formal judgment we do not know.

The question involved would seem to be comparatively simple at first glance. Section 1941 of the Penal Law reads as follows:

" § 1941. Punishment for second offense of felony. A person, who, after having been convicted within this State, of a felony, or an attempt to commit a felony, or, under the laws of any other state, government, or country, of a crime which, if committed within this State, would be a felony, commits any felony, within this State, is punishable upon conviction of such second offense as follows: "

It was the contention of the defendant upon the trial that the plea of non vult in the State of New Jersey was not a conviction of a crime within the meaning of this section. He claimed, and we

believe properly so, that there existed a question of fact which the jury was called upon to determine.

In New Jersey a defendant may enter a plea of guilty or not guilty to an indictment in the same manner as an accused may here. He may enter a plea of *non vult* or *non vult contendere* with the approval of the court. We have no such form of plea in this State. We are not concerned in the consideration of this case with the meaning of a plea of that type in any commonwealth other than the State of New Jersey. We are not particularly concerned with the construction placed upon a plea of *non vult*, or, as it is sometimes called, *nolo contendere*, at common law. In fact, as we shall see hereafter, at least two of the States have construed the effect of such a plea in a totally different manner.

The consideration of this case should be confined solely to the questions pertaining to issues which were raised by this defendant in his plea of not guilty to the information which charged him with being a second offender. There has been no direct adjudication in the State of New Jersey, so far as we have been able to determine, which holds that a plea of *non vult* is a conviction in the true sense of the word. If that be so, it was error for the court to hold as a matter of law that the plea of *non vult* was a plea of guilty within the meaning of the New Jersey law. In that State, if a defendant has entered a plea of *non vult* to an indictment, upon a subsequent trial based upon the same facts, inquiry may be made of him concerning the plea, if he elects to become a witness, but only for the purpose of affecting his credibility. However, the record of the plea is not admissible in evidence against him for the purpose of proving the charge. But if a plea of guilty had been entered the evidence of that fact would be admissible and might be sufficient to sustain the charge. (*Stewart* v. *Stewart*, 93 N. J. Eq. 1.)

An excellent review of the law pertaining to the matter under discussion is found in *Wright* v. *Wright* (98 N. J. Eq. 528, at p. 530). Vice-Chancellor CHURCH said: " In *Johnson* v. *Johnson*, 78 N. J. Eq. 507, Chancellor WALKER, then vice-chancellor, made a *quære*, Can the defendant's plea of *non vult* to an indictment for adultery be received as substantive evidence on the issue of adultery in a divorce case, as an admission of the truth of the charge against him, irrespective of the discredit attaching to him as a witness? In that case the chancellor (at p. 512) confined the effect of the defendant's plea of *non vult* to the affecting of his credibility as a witness.

" In the later case of *Stewart* v. *Stewart*, 93 N. J. Eq. 1, Chancellor WALKER held that ' a plea of guilty to a charge of adultery in a criminal court is, in a suit for divorce based upon the same adultery,

substantive evidence against the party pleading it, and is sufficient to prove the charge and support a decree of divorce.'

"He cites *State* v. *Henson*, 66 N. J. Law, 601, in which Mr. Justice VAN SYCKEL, speaking for the Court of Errors and Appeals, in treating of the effect of a plea of *non vult*, observed (at p. 609) that the only difference between that plea and the one of guilty was in the force each had upon collateral proceedings. Judge VAN SYCKEL cites *Peacock* v. *Hudson Sessions*, 46 N. J. Law, 112. In that case Mr. Justice REED, speaking for the Supreme Court (at p. 113), observed that the implied confession in a plea of *non vult* is only for the purpose of the prosecution in the course of which it is entered, while the plea of guilty, in that form, may be used against the defendant in a civil suit, thus indicating that the plea of *non vult* is not available in a collateral proceeding. This appears to be the decision of the Supreme Court, the Court of Chancery and the Court of Errors and Appeals. This position was also taken in the unreported case of *Nixon* v. *Nixon*, memorandum, filed July 15, 1921, docket 49/119. The plea of guilty to the offense charged against Mrs. Wright in the criminal court is not evidence of the commission of adultery by her."

There can be no question about the fact that the trial in the Court of General Sessions was a collateral proceeding in so far as the New Jersey offense was concerned. If so, the plea of *non vult* which was entered to the indictment in the State of New Jersey was not admissible as substantive evidence upon which a conviction of the appellant as a second offender could rest. We realize that we have no right to take judicial notice of the laws of the State of New Jersey, as to the force and effect which should be given to a plea of *non vult*. Nevertheless, we believe that a citation of the authorities to which we referred would be helpful for the purpose of throwing some light on the subject.

The appellant claims that he was not convicted in the State of New Jersey of a crime which if committed in this State would be a felony within the meaning of section 1941 of the Penal Law. The only way that that can be determined is by proof of facts which may show what the New Jersey law on the subject really is.

While it was stated in *People* v. *Gowasky* (244 N. Y. 451, at p. 464), that "the only thing that is to be tried before a jury is the identity of the prisoner," still we must bear in mind that the court there had under consideration a statement of facts which were entirely different from those now presented. Here the appellant does not rest his plea on the question of identity in the sense that he was the person charged in New Jersey with the commission of the offense. He claimed, and still asserts, that he was not convicted of a crime in New Jersey under his plea of *non vult*.

We are not unmindful of the construction which different States have placed upon a plea of this type. Thus in *State* v. *Suick* (195 Wis. 175), by a divided court, it was held in substance that a plea of that nature could be used as the basis of a conviction of an accused as a second offender. On the other hand, in *State* v. *LaRose* (71 N. H. 435), Judge PARSONS, in a well-reasoned opinion, writing for a unanimous court, said: " It is an elementary rule that a judgment is not evidence of the facts adjudicated by it, except between the parties to it and those in privity with them. But in trespass for assault and battery, a record of conviction upon a plea of guilty to a criminal complaint for the same act is admissible (*Green* v. *Bedell*, 48 N. H. 546), while if the conviction be upon a plea of not guilty, the record is not admissible. (*Caverno* v. *Jones*, 61 N. H. 623, 624.) The evidentiary force arises, not from the judgment, but from the plea, which, if guilty, is a confession of the truth of the charge, and hence admissible in other proceedings. (*Burgess* v. *Burgess*, 47 N. H. 395.) If a plea of *nolo contendere* has the same effect, it differs in no respect from a plea of guilty. The existence of the two pleas is evidence that there is, or was supposed to be, some distinction between them. That they differ materially appears from the authorities. The distinction is stated as follows: ' When the defendant pleads guilty, the clerk writes on the indictment the word " confesses; " and he is set aside until the time of passing sentence. An implied confession is where, in a case not capital, a defendant does not directly own himself to be guilty, but tacitly admits it by throwing himself on the king's mercy, and desiring to submit to a small fine which the court may either accept or decline as they think proper. If they grant the request, an entry is made to this effect, that the defendant " *non vult contendere cum domina regina et posuit se in gratiam curiæ* " without compelling him to a more direct confession. The difference in effect between an implied and an express confession is that after the latter *not guilty* cannot be pleaded to an action of trespass for the same injury; whereas it may be done at any time after the former.'· (1 Ch. Cr. L. 431; 2 Hawk. P. C. *c*. 31, *s*. 3.) Under the plea of *nolo*, the defendant does not confess or acknowledge the charge against him as upon a plea of guilty (*quod cognovit indictamentum;* 2 Hawk. P. C. *c*. 31, *s*. 3), but waiving his right to contest the truth of the charge against him submits to punishment. The plea is in the nature of a compromise between the State and the defendant — a matter not of right, but of favor. Various reasons may exist why a defendant conscious of innocence may be willing to forego his right to make defence if he can be permitted to do so without acknowledging his guilt. Whether in a particular case he should be permitted to do so, is for the court.

" There is no evidence that any meaning is now attached to the entries ' guilty,' or that the defendant ' will not contend with the State,' differing from those described by Hawkins and Chitty. Modern cases attach the same meaning. (*Commonwealth* v. *Horton,* 9 Pick. 206.) The plea ' is an implied confession of guilty only, and cannot be used against the defendant as an admission in any civil suit for the same act. The judgment of conviction follows upon such a plea, as well as upon a plea of guilty. * * * But there is a difference between the two pleas, in that the defendant cannot plead *nolo contendere* without the leave of the court. If such plea is tendered, the court may accept or decline it in its discretion.' (*Commonwealth* v. *Ingersoll,* 145 Mass. 381, 382.) ' This plea, like a demurrer, admits for the purposes of the case all the facts which are well stated, but is not to be used as an admission elsewhere.' "

And again: " If the plea is not competent between different parties because it is only a limited admission of the charge, the admission is not made unlimited by a change of parties. The admission must be one thing or the other when made. Its character at the time determines its meaning, not the use attempted to be afterward made of it. It cannot mean one thing in a subsequent civil suit for damages, and another thing in a subsequent proceeding by the State. The competency of an admission does not depend upon its being made to a party to the suit. If it were an unlimited admission, it would be evidence against the defendant in all subsequent controversies. It is settled by the authorities that it is not. Therefore, there being no ground for an estoppel, the plea can have no greater effect in a proceeding to which the State is a party than in a civil suit, and it is therefore inadmissible against the defendant. If it is claimed that it is improbable that a party would plead *nolo* and submit to punishment unless conscious of guilt, the argument is no more than can be made in favor of the admission of any proposition for compromise, ' because such offers are more apt to be made in cases in which the party making them is conscious that the cause of his adversary is well-founded than in the opposite cases.' *Rideout* v. *Newton,* 17 N. H. 71, 73; *Colburn* v. *Groton,* 66 N. H. 151." (See, also, *White* v. *Creamer,* 175 Mass. 567.)

We cite these cases simply to show a diversity of opinion of the courts in different States. What the holding would be in the State of New Jersey if the question was finally submitted, we have thus far been unable to determine. Therefore, we believe that a question of fact was presented which should have been passed upon by the jury.

We have given considerable thought to this case, not only because of the questions involved upon the trial thereof, but also by reason of what transpired at the time the accused entered his plea of guilty to the indictment. It is quite clear that the plea was entered upon the understanding that he would be permitted to withdraw it in the event that it turned out that he was a second offender.

On December 7, 1932, in open court the assistant district attorney made the following statement: " We took a plea, when you were in Part II, in this case. Your Honor told Mr. Bushel, the defendant's attorney, that if the defendant turned out to be a second offender you would permit him to withdraw his plea and plead to a misdemeanor."

After the court had denied knowledge that such a statement was made, the assistant district attorney said: " The District Attorney did. That was understood at that time. I do not know if he is a second offender or not."

The record which was produced at that time indicated that on February 19, 1924, the defendant pleaded *non vult* to a charge of drawing a check against insufficient funds. Since there was no notation to indicate that the offense was a felony, it was apparently considered as a misdemeanor. The record also contained a statement that on July 14, 1931, the defendant entered a plea of guilty to the charge of misapplying bank funds. The word " felony " was used after the description of the offense. In referring to it the court said: " It is marked felony here." The assistant district attorney replied: " Mr. Horan, of our office, says it is a misdemeanor." After pointing out it was the practice of the office to check up all the matters relating to any prior record of the accused in order to determine if a defendant had previously been convicted of a felony, the assistant district attorney said: " It is the policy of our office that Mr. Horan check up all the matters. He has all the certified papers, and then they are submitted to Mr. Pilatsky, and he has to determine whether or not a man is a second offender, whether or not the crime set forth is a misdemeanor or a felony; whether or not if committed in this State it would be a felony, and in this case Mr. Horan informs me if the crime was committed in this State, according to Mr. Pilatsky, it would be a misdemeanor. Am I right on that, Mr. Horan? Mr. Horan: Yes. * * * According to our office it is not a felony."

This would come squarely within the admonition laid down by Judge CRANE in the *Gowasky* case (p. 465). There it was stated: " Where there is any misunderstanding as to the circumstances under which a plea of guilty was taken, the judge might very well exercise his discretion, permit the pleas to be withdrawn and place

the defendant on trial. All of which means that these laws are to be administered fairly on all sides, that they may accomplish the end which the Legislature had in view."

It is unfortunate indeed that this appellant was not permitted to withdraw his plea because it is quite clear that an agreement to that effect was made. Even though the judge took the position that he did not know of any other " charge " against the defendant at the time the agreement was made, still it would have been far better to have resolved any doubt in favor of the accused in order that substantial justice might have been done.

On this phase of the case, it would seem that the original sentence must stand in view of the holding in *Matter of Dodd* v. *Martin* (248 N. Y. 394). In that case it was stated: " The Legislature has provided a mechanistic rule to take the place of the discretionary powers of the judge in passing sentence on second offenders. The Executive may relieve from the hardship of a particular case. We cannot."

It may not be amiss to here observe that the Legislature may by appropriate amendment to the laws as presently enacted permit the courts to relieve a defendant from a situation which is patently unjust. The Court of Appeals in its recent decision in *People ex rel. Sloane* v. *Lawes* (255 N. Y. 112) has, by judicial interpretation, indicated liberality in this respect.

For the reasons assigned, we are of the opinion that this appellant is entitled to a new trial of the charge contained in the information. The judgment should be reversed and a new trial ordered.

O'MALLEY and TOWNLEY, JJ., concur; FINCH, P. J., and MARTIN, J., dissent and vote for affirmance.

MARTIN, J. (dissenting). The grand jury of New York county indicted the defendant for the crime of forgery in the second degree. When arraigned he entered a plea of not guilty. On November 11, 1932, the plea of not guilty was withdrawn and a plea of guilty of forgery in the second degree to cover four indictments was entered. On December 7, 1932, the defendant was sentenced to a State prison at hard labor for a term of not less than three nor more than ten years.

On December 16, 1932, the district attorney of New York county filed an information charging the defendant with having been previously convicted of a felony. The defendant was informed of that allegation on January 5, 1933, and a trial set for a later date. Thereafter, on February 23, 1933, the defendant moved to withdraw his plea of guilty and interpose a plea of not guilty. The court reserved decision. On March 10, 1933, the application was denied.

In the meantime on February 17, 1933, the defendant was tried before the court and a jury in General Sessions on the information charging him with having been convicted of another felony in the State of New Jersey on March 25, 1924. The sole question of fact there tried was whether the defendant was the same person who had been convicted in the State of New Jersey.

The court decided as a matter of law that the crime committed in New Jersey was a felony in this State. The jury properly found that the defendant was the same person convicted in the State of New Jersey. Thereafter, and on March 13, 1933, the court vacated the sentence of December 7, 1932, and resentenced the defendant to nine years, eight months and twenty-four days, having given credit for the time already served which was three months and seven days.

The defendant has appealed from both the judgment of conviction as a second offender and from the denial of his motion to withdraw his plea of guilty. He contends that his original plea of not guilty was withdrawn and a plea of guilty entered upon the express understanding that he was to be sentenced as a first offender. He argues that it was agreed that if it should develop upon investigation that he was a second offender he would be permitted to withdraw his plea and plead to a misdemeanor. That there is some basis for alleging there were negotiations to that effect appears from the statement of the assistant district attorney made upon the imposition of sentence of defendant on December 7, 1932.

The statement of the judge who had charge of this matter is in effect a denial of the existence of any such agreement. On the motion for permission to withdraw the plea the judge wrote an opinion and stated that in addition to the fact that the court was without power to grant the motion, if he had the power he would not do so for the reason that the application was " without merit." This is tantamount to a determination that there was no such agreement. In any event, we are not only bound by the decision of the judge by whom this matter was decided but also by the authorities on the subject.

We are not in a position to speculate or to say what was in the judge's mind. We are confined to the record which sets forth the opinion of the judge who originally sentenced the defendant, and which sets forth his reasons therefor.

The district attorney now says that in any event the defendant having commenced serving his sentence and the term of the court having passed, the defendant must abide by the judgment of the court and is not now entitled to a resentence. Several authorities appear to sustain that contention. ( *United States* v. *Murray*, 275 U. S. 347; *United States* v. *Benz*, 282 id. 304.)

There is another important point urged by the defendant. The court held as a matter of law that the crime for which the defendant was convicted in New Jersey was a felony in this State, and permitted the jury to pass upon one fact only, whether the defendant was the same person convicted in New Jersey.

The question here for decision is whether the defendant was subject to increased punishment by reason of the prior offense of which he had been convicted in New Jersey. Section 1941 of the Penal Law, so far as it is material in this case, provides: "A person, who, after having been convicted within this State, of a felony, * * *, or, under the laws of any other State, * * * of a crime which, if committed within this State, would be a felony, commits any felony, within this State, is punishable upon conviction of such second offense, as follows: * * *."

The district attorney was required to prove that the defendant, prior to the commission of the crime of forgery within this State, to which he had pleaded guilty, had either been convicted within this State of a felony, or convicted under the laws of another State of a crime which, if committed within this State, would be a felony. It makes no difference by what name the crime committed in the foreign State may be known in such State, the test is whether the acts charged to have been committed in that State would be a crime equivalent to a felony if committed in this State.

Upon the trial there was received in evidence an examplified copy of the indictment returned against the appellant by the grand jury of Essex county, N. J., and the proceedings had thereon. From that indictment it appears that the appellant was charged in the State of New Jersey with having obtained the sum of $1,000 by false pretenses. From the exemplified copy of the New Jersey records it appears that the appellant originally pleaded not guilty to this indictment and that he later " retracted " this plea and entered a plea of *non vult* or *non vult contendere*. The court suspended sentence and placed the defendant on probation.

It was not disputed upon the trial that the appellant was the person named in the indictment and referred to in the record of the proceedings had thereon. Although the question appears to have been raised that the acts charged to have been committed in the State of New Jersey would not be a felony if committed in our State, the principal claim of the appellant was that he had not been convicted of the crime charged in the New Jersey indictment, for the reason that his plea of *non vult* was not a confession of guilt; that his plea was not equivalent to a plea of guilty.

To support his contention the defendant called as a witness a member of the bar of the State of New Jersey for the purpose of

proving the legal effect of his plea of *nolo contendere*. The court refused to receive the testimony of this witness, and error is predicated upon such refusal.

The appellant urges that the court should have submitted to the jury as questions of fact, not only the question of identity of the appellant, but also the question whether the defendant's plea of *non vult* amounted to a conviction of the crime charged in the New Jersey indictment.

This brings us to a consideration of the provisions of section 1943 of the Penal Law. An examination of that section leads to the conclusion that upon the trial of an information charging a defendant with being a second offender, the only question for the jury to decide in practically all such cases is the identity of the defendant. All other questions are for the court. That such was the intent of the Legislature is clear from the language of the statute. This view of the matter was taken by the Court of Appeals in *People* v. *Gowasky* (244 N. Y. 451), where the court had this section of the Penal Law under consideration. The court said (at p. 464): " The prisoner is entitled upon the presentation of the information to be informed of his right to be tried as to the truth thereof. But it should also be noted that there is a limitation to this right. *The only thing that is to be tried before a jury is the identity of the prisoner.* By the information he is charged with having been previously convicted. If he denies it, his previous conviction is the only thing to be tried. Is he the same person mentioned in the several records as set forth in the information? *This is the only question to be submitted to the jury, and the only question which they are to answer by their verdict.* The guilt or innocence of the defendant under the previous convictions does not enter into the case at all." (Italics the writer's.)

The question whether the defendant was convicted in the State of New Jersey of a crime which, if committed in our State, would be a felony, was a question for the court to decide. From the indictment and the record of the proceedings thereon, it appears that the appellant first pleaded not guilty to the New Jersey indictment and thereafter " retracted " his plea of not guilty and entered a plea of *non vult* or, as it is commonly called, a plea of *nolo contendere*.

The plea of *non vult* or *non vult contendere* was known to the common law. (*Hudson* v. *United States*, 272 U. S. 451; *Schad* v. *McNinch*, 103 W. Va. 44; 136 S. E. 865.) It was to all intents and purposes a plea of guilty, upon which the court was authorized to impose sentence, without further proceedings. This plea, therefore, disposed of all issues of fact and law.

The plea of *nolo contendere* is pleadable only by leave of the court.

(*Commonwealth* v. *Horton*, 9 Pick. 206; *Commonwealth* v. *Ingersoll*, 145 Mass. 381; 14 N. E. 449; *State* v. *Henson*, 66 N. J. L. 601; 50 Atl. 468.) When accepted by the court, it is in its effect equivalent to a plea of guilty so far as proceedings on the indictment are concerned (*State* v. *Siddall*, 103 Me. 144; *Commonwealth* v. *Horton, supra; Commonwealth* v. *Ingersoll, supra; State* v. *Henson, supra; United States* v. *Lair*, 195 Fed. 47; *Buck* v. *Commonwealth*, 107 Penn. St. 486; *Commonwealth* v. *Holstine*, 132 id. 357), and cannot be withdrawn and a plea of not guilty entered except by permission of the court. (*State* v. *Siddall, supra; Commonwealth* v. *Ingersoll, supra.*)

Where such a plea is entered and accepted, it is not necessary that the court should adjudge the party to be guilty, for that follows as a legal inference from the implied confession; but the court proceeds thereupon to impose the sentence. (*State* v. *Herlihy*, 102 Me. 310; 66 Atl. 643; *United States* v. *Lair, supra; Commonwealth* v. *Ingersoll, supra.*) The only advantage to a defendant from such a plea is that, being an implied confession of guilt only, it cannot be used against him as an admission in any civil suit growing out of the same transaction. (*Commonwealth* v. *Ingersoll, supra; State* v. *Henson, supra.*) In every other respect the plea of *nolo contendere* has the same force and effect as a plea of guilty.

We are of the opinion that the contention of appellant that the plea of *non vult contendere* is not such a conviction as comes within the purview of section 1941 of the Penal Law is untenable. Here the appellant first pleaded not guilty to the New Jersey indictment and later retracted his plea and entered a plea of *non vult*. The court thereupon suspended sentence and placed the defendant on probation. The question of sentence or suspension of sentence and probation could not have arisen unless there was an adjudication of guilt either by verdict of jury or by confession. He could be fined or sent to prison in the same manner as with a plea of guilty. The form of the plea is immaterial. (*Stewart* v. *Stewart*, 93 N. J. Eq. 1; 1 Whart. Ev. [3d ed.] § 783; *Peacock* v. *Hudson Sessions*, 46 N. J. L. 112; *State* v. *Henson, supra.*)

The plea of *non vult contendere* being known to and defined by the common law, the trial court properly held as a matter of law that the defendant's plea of *non vult* to the New Jersey indictment was tantamount to a plea of guilty, and that the defendant, therefore, had been convicted of a crime which, if committed in this State, would be a felony.

In *State* v. *Suick* (195 Wis. 175) the court clearly stated the effect of such a plea. The court said: " The force and effect of the judgment is just the same whether the defendant pleaded guilty, was

found guilty by the verdict of a jury, or whether judgment followed a plea of *nolo contendere*. * * * It is a plea, however, from which a judgment of conviction follows as inevitably as such a judgment follows a plea of guilty. While a plea of guilty amounts to an express admission of the defendant which may be used against him in another case, the plea of *nolo contendere* contains no admission which may be so used. There is no difference, however, in the nature, character, or force of the judgment following such pleas. They are both solemn adjudications of guilt, and we see no reason why judgment of conviction following a plea of *nolo contendere* does not constitute a prior conviction, or as conclusive evidence of a prior offense, as a judgment entered upon a plea of guilty or upon a verdict of a jury. Such is the holding in *State* v. *Lang*, 63 Me. 215; *State* v. *Fagan*, 64 N. H. 432; 14 Atl. 727; *State* v. *Conway*, 20 R. I. 270; 38 Atl. 656. * * * We have been referred to no case holding that a judgment of conviction following a plea of *nolo contendere* is not admissible for the purpose of proving a prior conviction for the commission of a prior offense. * * * Whatever reasons may support the conclusion that a judgment of conviction based upon a plea of *nolo contendere* should not be received for purposes of impeachment, we can accord them no weight in reaching a conclusion upon the question here presented."

The clear intent of the Legislature in its enactment of section 1941 of the Penal Law was to impose a more severe punishment upon a defendant who has not reformed since his first offense. For us to hold that the defendant in this case was not a second offender because he pleaded *non vult*, would be giving effect to form, rather than to substance, and would defeat the very purpose and intent of this statute. The fact that the defendant received a suspended sentence upon his conviction in New Jersey does not require the court to treat him as a first offender, and he may be sentenced as a second offender. (Code Crim Proc. §§ 470-a, 470-b; *People* v. *Tissier*, 254 N. Y. 572; *People ex rel. Cohen* v. *Rattigan*, 157 N. Y. Supp. 1003; affd., 172 App. Div. 957.) The appellant was properly convicted and sentenced as a second offender. When he withdrew his plea of not guilty and pleaded as he did, it was in effect a plea of guilty.

The order denying motion to withdraw the plea of guilty should be affirmed. The judgment convicting the defendant of the crime of forgery in the second degree as a second offender, on a plea of guilty, should be affirmed.

FINCH, P. J., concurs.

Judgment reversed and a new trial ordered.