THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DAVID MESHEL, Appellant.

First Department, December 27, 1935.

*William Peyton Marin,* for the motion.

*Sol. Boneparth, Assistant District Attorney [Samuel J. Foley, District Attorney; Herman J. Fliederblum* with him on the brief], opposed.

PER CURIAM. This is a renewal of a motion for the reargument of an appeal in which this court, in March, 1927, affirmed a judgment convicting the defendant of burglary in the third degree as a fourth offender and sentencing him to imprisonment for life. It was alleged in the indictment, and it is conceded, that one of the prior convictions was followed by a suspended sentence.

In June, 1928, this court, in *People* v. *Schaller* (224 App. Div. 3), and in July, 1930, the Court of Appeals, in *People ex rel. Marcley* v. *Lawes* (254 N. Y. 249), held that a conviction upon which sentence was suspended was not to be included in determining the number of previous convictions. It is indisputable, therefore, that the defendant has been sentenced as a fourth offender, whereas he should have been sentenced as a second offender.

Since this is a motion for reargument it does not involve a collateral attack on the judgment of conviction, but is an application to the court to rectify its previous decision. Even though the application for reargument was made many years after the judgment of conviction and several years after the decision in the *Schaller* and *Marcley* cases, we think it is our duty in the interest of justice to grant the motion, and the reargument having been had, the judgment should be reversed in so far as the sentence imposed is concerned, and the defendant resentenced by the trial court as a second offender in accordance with law.

Present — MARTIN, P. J., MERRELL, McAVOY, O'MALLEY and UNTERMYER, JJ.

Motion for reargument granted. Judgment reversed in so far as the sentence imposed is concerned; defendant to be resentenced by the trial court as a second offender in accordance with law. Settle order on notice.