WILLIAM V. CULLEN, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 23428.) — Appeal from a judgment of the Court of Claims dismissing claimant's claim upon the merits. Claimant was a prisoner in Sing Sing Prison and had a badly infected finger. He was treated by an inmate nurse who applied hot packs and who opened the finger for the purpose of draining the pus. Claimant offered no proof to show that the treatment administered by the inmate nurse was not the proper treatment. The claimant's proof fails to establish any negligence or carelessness on the part of the State, its officers, agents or employees. Judgment affirmed. (See Brown v. Shyne, 242 N. Y. 176; Education Law, § 1263, subd. 6.) McNamee, Crapser and Bliss, JJ., concur; Hill, P. J., and Heffernan, J., dissent. (Education Law, § 1263, subd. 6.) [See 245 App. Div. 880.]

WILLIAM REED GARRISON, Respondent, v. CITY SAVINGS BANK OF ALBANY, N. Y., Appellant.— Appeal in a negligence action from a judgment entered upon a verdict in favor of plaintiff rendered by a jury at a Trial Term of the Supreme Court, Albany county. Plaintiff was injured by falling on a strip of ice which extended across the sidewalk in front of defendant's premises. He claims that the ice was formed by water cast upon the walk from a trough or gutter-shaped piece of metal leading from defendant's premises. There is sufficient evidence to support this contention. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Application of ROWE CIGARETTE SERVICE Co., INC., Petitioner, for a Certiorari Order against MARK GRAVES and Others, State Tax Commissioners, as and Constituting The State Tax Commission of the State of New York, Defendants.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Motion for stay denied. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

STANLEY BLISS, Appellant, v. GREYVAN LINES, INC., Respondent.— Appeal from an order dismissing the plaintiff's complaint upon the defendant's motion made pursuant to rule 113 of the Rules of Civil Practice. The defendant had entered into a contract with the plaintiff to move two van loads of goods from Chicago to Oneida; the price was $225 per van load. The contract provided that the defendant should carry insurance in case of loss or damage to the goods, and also provided that the defendant was to receive and be entitled to deduct from any insurance money the haulage bill. One van was destroyed by fire. The loss was adjusted and a conditional release executed by the plaintiff and given to the defendant who filed proof of loss and returned to the plaintiff a check for the amount of the conditional release less haulage charges. Defendant accompanied its check with a letter setting forth the things covered by the check and making reference to a clause in the contract by which they deducted the cost of hauling the goods for one van. The plaintiff protested and demanded an additional $225 but finally cashed the check. This action is brought to recover the $225, the amount of the haulage charge deducted. An order was made granting summary judgment on the ground that there had been an accord and satisfaction. Judgment and order affirmed, with costs. Rhodes, Crapser and Heffernan, JJ., concur; Hill, P. J., and McNamee, J., dissent.