THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* WALDEMAR WENGORRA, Respondent.*

First Department, March 17, 1939.

*Stanley H. Fuld* of counsel [*Felix C. Benvenga, Charles C. Tillinghast, Jr.,* and *Karl Grebow* with him on the brief; *Thomas E. Dewey, District Attorney*], for the appellant.

* Affg. 168 Misc. 373.

*Henry J. O'Hagan* [*O'Hagan & Quasha*, attorneys], for the respondent.

Dore, J. By this appeal we are asked to determine whether a suspended sentence in a foreign State constitutes a conviction under section 1941 of the Penal Law. That section requires mandatory sentence as second or third offenders for persons previously convicted of crimes which amount to felonies here, whether committed here or in another State.

On January 31, 1938, defendant pleaded guilty in the Court of General Sessions of the County of New York to the crime of arson in the third degree. Thereafter, on February 8, 1938, before sentence, an information was filed charging him with being a second offender under section 1941 of the Penal Law in that in 1936 he had pleaded guilty in the Oyer and Terminer Court, Monmouth county, N. J., and had been placed on probation for two years. The charge there was stealing a twelve-dollar check, forging the payee's name and cashing the check, for which he was indicted for forgery.

Defendant in the Court of General Sessions admitted that he was the same person mentioned in the New Jersey information, but denied the crime was a felony in New York and contended that his New Jersey plea of guilty and suspended sentence did not constitute a prior conviction and accordingly that he should be sentenced not as a second but only as a first offender. If sentenced as a first offender, the maximum punishment would be seven and one-half to fifteen years; if as a second offender, the minimum punishment would be not less than fifteen nor more than thirty years.

The trial court dismissed the information and sentenced defendant as a first offender to State prison for not less than seven nor more than fourteen years. The court held that section 470-b of the Code of Criminal Procedure was not applicable to the New Jersey plea of guilty upon which sentence was suspended, and that accordingly such plea and such suspended sentence was not a prior conviction and did not make defendant a second offender for the purpose of sentence.

The People appeal and urge that the intention of the Legislature was that a suspended sentence, whether received in New York·or elsewhere, should be regarded as a conviction and that section 1941 of the Penal Law and section 470-b of the Code of Criminal Procedure should be read together according to their fair import to effect the object of the law.

The crime to which defendant pleaded guilty in New Jersey would be a felony if committed in New York. He was there charged

with intent to falsely make, forge and counterfeit a twelve-dollar check, and with like intent having falsely uttered the check. This is forgery in the second degree as defined by section 887 of the Penal Law. We think this is not seriously disputed.

The relevant provisions of the statutes relating to the real issue on appeal are:

Penal Law, section 1941: " A person, who, after having been once or twice convicted within this State, of a felony, of an attempt to commit a felony, or, under the laws of any other State, government, or country, of a crime which, if committed within this State, would be a felony, commits any felony, within this State, is punishable upon conviction of such second or third offense, as follows."

Code of Criminal Procedure, section 470-b:

" If judgment be not pronounced as in the last section provided, nevertheless:

" 1. For the purpose of indictment and conviction of a second offense, the plea or verdict and suspension of sentence or suspension of execution of the whole or a part of the judgment after sentence shall be regarded as a conviction, and shall be pleaded according to the fact."

Defendant contends that section 1941 by its express terms requires a conviction under the laws of a foreign State before the defendant is subject to punishment as a second offender in this jurisdiction; that section 470-b by its title and its introductory language expressly refers to the prior section, 470-a, which by its terms relates to suspended sentences imposed and revoked by the courts of New York State, and, therefore, 470-b refers only to unrevoked suspended sentences of such courts and not of the courts of foreign States. Section 470-a provides, *inter alia,* that after a plea of guilty and a suspension of sentence the court may impose any sentence which might have been imposed at the time of conviction and may impose sentence at any time after suspension thereof within the longest period for which the defendant might have been sentenced. Section 470-b immediately following has the title " Effect thereof," that is, referring back to the previous section, and then provides that " If judgment be not pronounced as in the last section provided," nevertheless for the purpose of indictment and conviction as a second offense a suspension of sentence shall be regarded as a conviction. It was by reason of this reference in 470-b and 470-a that the trial court held that 470-b was not applicable.

Section 470-b is not expressly limited to cases wherein sentence has been suspended by the courts of this State, and its purpose is to define the term " conviction " as used in section 1941 so as to

include suspended sentences. Section 1941 provides that convictions in other States are on the same footing as those in this State. We think the phrase " as in the last section provided " (§ 470-b) does not evince a legislative intent that a distinction be drawn between suspended sentences in New York and suspended sentences in foreign jurisdictions for the purpose of determining whether the offense is a second or a third offense. The precise point raised here has not been passed upon either by this court or the Court of Appeals, but in *People* v. *Daiboch* (265 N. Y. 125) the facts were closely analogous. There the defendant pleaded guilty to an indictment for forgery in the second degree in the Court of General Sessions of the county of New York, and was sentenced as a first offender. Later he was found to be the same person previously adjudged in New Jersey guilty of the crime of issuing a false check, a felony in this State, and was thereupon sentenced by the Court of General Sessions as a second offender. The majority of this court (240 App. Div. 153) was of the opinion that the plea of *non vult* interposed by the defendant in the New Jersey court followed by a judgment of probation was not a previous conviction. The Court of Appeals reversed and held that the defendant was properly sentenced as a second offender under section 1941 of the Penal Law. Both sections 470-b and 1941 were necessarily before the court and considered although, as indicated above, the precise issue was neither presented in the briefs nor referred to in the opinion. The construction of 470-b was discussed in the briefs before the Court of Appeals, but only in connection with the claim that a plea of guilty did not include a plea of *non vult*. The point that is here raised, that 470-b applied only to suspended sentences in our State, was not argued; in fact, as the point was not made, it was apparently assumed that, if the plea of *non vult* was equivalent to the plea of guilty, section 470-b would apply to a New Jersey plea and suspended sentence as well as to a similar plea and sentence in New York. The *Daiboch* case, however, stands for the doctrine that a person who has pleaded *non vult* in New Jersey to a crime that is a felony in this State, on which plea sentence was suspended, has been convicted for the purpose of determining whether he is a second offender under section 1941 of the Penal Law and section 470-b of the Code of Criminal Procedure. It follows that a 'person who has pleaded " guilty " is, under the facts here disclosed, a second offender in contemplation of section 1941.

Section 470-b of the Code of Criminal Procedure treats a suspended sentence as a conviction within the meaning of section 1941 of the Penal Law which expressly relates to all convictions of felonies whether in this State or any other State. The clear intent of the

Legislature is to punish as second offenders persons previously guilty of felonies, though a suspended sentence was given on the first conviction. We think there is no sound basis for making a distinction between previous first and second convictions in this and in foreign States. Accordingly, a previous conviction of forgery in New Jersey, followed by a suspended sentence, is a conviction within the meaning of section 1941 of the Penal Law.

The conviction should be affirmed, the order dismissing the information reversed and the information reinstated, and the defendant remanded for sentence as a second offender in accordance with this opinion.

MARTIN, P. J., O'MALLEY, GLENNON and CALLAHAN, JJ., concur.

Conviction unanimously affirmed, the order dismissing the information reversed and the information reinstated, and defendant remanded for sentence as a second offender in accordance with opinion. Settle order on notice.