THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS R. COX, Petitioner, Respondent, v. JOSEPH H. WILSON, as Warden of Great Meadow Prison, Comstock, N. Y., Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Appeal by the People from an order of the Washington County Court, made in a habeas corpus proceeding, remanding relator to the Court of General Sessions of County of New York, for resentence as a first offender. Originally he was sentenced as a second offender upon being convicted of forgery, second degree. The first conviction was by a plea of guilty of forgery committed in Pennsylvania, followed by a suspended sentence. The sentence as a second offender was proper. (People v. Daiboch, 265 N. Y. 125; People v. Wengorra, 256 App. Div. 508.) Order remanding defendant to the Court of General Sessions of New York County, for resentence, reversed, on the law and facts, writ dismissed, and relator remanded. All concur.

MELVIN ROBERT WIEBER, Appellant, v. ANTHONY WASIELEWSKI, Respondent.— This is an appeal from a judgment in favor of the defendant of no cause of action and from an order denying plaintiff's motion to set aside the verdict and for a new trial. A question of fact was involved which was properly submitted to the jury by a fair charge. Judgment and order unanimously affirmed, with costs.

HENRY SULLIVAN, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 25228.) — Claimant, while a convict imprisoned in Great Meadow Prison, was injured in cleaning a bread-slicing machine. His right thumb, index, middle and ring fingers were amputated. There was an eighty per cent loss of use of the right hand, and a marked deformity. A civilian official had control of an electric switch that motivated the device, and a convict directed claimant's activities. The machine could be stopped by a switch thereon, and also by the one located on the general switchboard in another room, the latter, as stated, under the control of the civilian guard. Claimant was injured during the first day he worked at bread slicing. On several prior occasions the machine had stopped without known cause and the convict then in charge had notified the civilian guard. On the day of the injury the machine again ceased to function without known cause. The convict in charge directed claimant to clean the machine, but did not turn off the switch thereon nor instruct claimant to do so. During the cleaning it started without known cause, and the injuries resulted. Judgment reversed on the law and facts, with costs, and judgment of $6,000 in favor of claimant directed. The court reverses the following findings contained in the decision: Numbers 9, 10, 11, 12, 13 and all conclusions of law. New findings are made by the court as follows: Numbers 1 to 45, both inclusive, as requested in the claimant's proposed findings. And a further finding is made that claimant was damaged in the sum of $6,000. All concur.