HARRY BLASSMAN, an Incompetent Person, by BENJAMIN BLASSMAN, His Guardian ad Litem, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

(Claim No. 25330.)

Third Department, January 10, 1940.

O'Connell & Aronowitz [*Stanton Ablett* and *Irving Kass* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Leon M. Layden* and *Harold Greenstein, Assistant Attorneys-General,* of counsel], for the respondent.

SCHENCK, J.   This is an appeal from a judgment of the Court of Claims which dismissed the claim of the appellant herein. Appellant, an incompetent, was injured when he cut the little finger of his right hand while a patient at the Rockland State Hospital.   He was engaged in aiding an attendant in lifting a garbage can when he scratched his finger.   Subsequently the wound became infected and the claimant has been deprived of the use of the finger ever since.   Testimony before the Court of Claims indicates the injury will be permanent unless a successful surgical operation is effected, and that even then there would be between ten and twenty per cent loss of efficiency.   The extent of the injury, therefore, not being in controversy, the only question involved is that of the negligence of the respondent and the contributory negligence of the claimant.

In the first place, it would seem that the evidence was sufficient to enable the Court of Claims to find that there was no negligence by the State in the occurrence of the accident itself.   This, however, by no means disposes of the claim because there is the very serious question of negligence in the manner in which the injury was treated.

Upon this latter point, and in view of the fact that the appellant was a mental incompetent at the time of the accident, the decision of the Court of Claims should be reversed. In*this connection it should be pointed out that the accident occurred on a Friday evening; that Otto Jacobs, an attendant employed by the State, admitted being told by claimant of his injury on Saturday, but that no medical aid by a physician was administered until the following Tuesday. In the meantime, during Saturday night, the claimant experienced severe pain and requested application of iodine. It is conceded that no iodine was applied to the wound because, for some reason not apparent, none was available. Instead, " some sort of solution " was applied by an attendant who was neither a doctor nor a nurse. Two days later, on Tuesday, claimant was put in the care of a physician.

It is difficult to see under these uncontroverted facts how the State was anything but negligent in the treatment of the claimant. He was an incompetent in the exclusive care of the State and regardless of the question of the degree of care necessarily exercised in preventing him from being injured, there is no question but that a high degree of care should have been used in caring for him following his injury. The case of *Cullen* v. *State of New York* (277 N. Y. 541, affg. 247 App. Div. 921) is distinguished from the facts at hand. In that case, a convict, not an incompetent, was injured in Sing Sing Prison. He was cared for and his injury dressed by an inmate nurse under the supervision of a physician. This was a vastly different situation from that of a mental incompetent who was compelled to wait four days before being given into a doctor's care.

The fact, furthermore, that claimant requested iodine for the wound and was refused solely because none was available (not because there was any question of the propriety of this medicine) disposes of any question of possible contributory negligence on his part. Aside from this point it is highly questionable if a mental incompetent can be guilty of contributory negligence under circumstances such as here involved. (*Sherman* v. *Millard*, 144 Misc. 748.)

Inasmuch as judgment should be entered in favor of this claimant, and as the entire record is now before this court, there seems to be no reason why an award should not be made at this time instead of sending the case back to the Court of Claims. This procedure was adopted by this court in *Sullivan* v. *State of New York* (257 App. Div. 893), in which case judgment dismissing the claim was reversed and an award made. In view of the permanent nature of the injury and the pain and suffering undergone, and in further view of the fact that appellant has recovered and has been released from State care and his earning ability has been materially decreased

by his injury, an award of $1,500, with costs, would seem to be fair and reasonable.

Accordingly, findings of fact numbered 13 and 14 and conclusions of law numbered 1 and 2, as set forth in the decision of the Court of Claims, are reversed. New findings of fact are made as follows: Numbers 14 and 15 as requested in the claimant's proposed findings, and a further finding that claimant was damaged in the sum of $1,500.

CRAPSER, BLISS and FOSTER, JJ., concur; HILL, P. J., dissents.

Judgment of Court of Claims reversed, and judgment granted in favor of the claimant for $1,500 and costs.

Findings of fact 13 and 14 and such findings as are contained in the conclusions of law are reversed and the court makes the following new findings of fact, 14 and 15, as requested in claimant's proposed findings; and further finding that claimant was damaged in the sum of $1,500.