THE PEOPLE OF THE STATE OF NEW YORK ex rel. MAY BROOKS, Relator, *v.* WARDEN OF THE WOMEN'S PRISON, Respondent.

Supreme Court Special Term, New York County, January 24. 1941.

*Jacob W. Friedman*, for the relator.

*Thomas E. Dewey, District Attorney* [*William P. Rogers* of counsel], for the respondent.

PECORA, J. On March 2, 1940, relator pleaded guilty, in the City Magistrates' Court, to a violation of clause (e) of subdivision 4 of section 887 of the Code of Criminal Procedure. She was sentenced to an indeterminate term in the workhouse. An appeal was taken to the Appellate Part of Special Sessions upon the ground that the magistrate, in sentencing, had failed to comply with subdivision (c) of section 203 of the Correction Law, which reads, in part: " The court, before imposing sentence, shall give due notice to the defend-

ant and an opportunity to be heard in opposition to the charge of prior convictions." Upon such appeal, the Appellate Part of the Court of Special Sessions approved the judgment, but remitted the case to the Magistrates' Court " for proper sentence under provisions of the Correction Law." On August 8, 1940, defendant was resentenced to an indeterminate term, after proof had been taken that relator had been convicted of the same offense in 1938 and had received a suspended sentence, and had been convicted again of a similar offense in the same year and had been sentenced to six months in the workhouse.

The question directly raised is whether the relator had been convicted two or more times during the twenty-four months prior to her conviction in 1939, within the meaning of subdivision (c) of section 203 of the Correction Law The solution of this question depends upon the determination of whether a conviction upon which sentence was suspended is to be included in deciding the number of prior convictions.

As such, the question posed is one of first impression. No case has been found which construes section 203 of the Correction Law and its predecessor, the Parole Commission Law (Laws of 1915, chap. 579) in this regard.

Subdivision (c) of section 203 of the Correction Law provides " The court in imposing sentence to any such workhouse shall fix a term of a definite period not to exceed six months, except where a person has been convicted of any of the following offenses: 1. Vagrancy. 2. Disorderly conduct tending to a breach of the peace. 3. Public prostitution. 4. Soliciting on streets or public places for purposes of prostitution. 5. Violation of section one hundred and fifty of the Tenement House Law or of section three hundred and fifty of the Multiple Dwelling Law. * * * If a defendant has been convicted of any of the above-enumerated offenses two or more times during the past twenty-four months or three or more times prior to the current conviction, the court shall sentence such offender to a workhouse of the department of correction of the city for an indeterminate period."

There is presented an inquiry into the legislative intention in the use of the word " convicted " in the above section. The words " convicted " and " conviction " have been given varied construction by the courts. Essentially they have been defined as either the verdict or plea of guilt, or the judgment pronounced thereon. (See *Matter of Lewis* v. *Carter*, 220 N. Y. 8; *Blaufus* v. *People*, 69 id. 107; *People* v. *Fabian*, 192 id. 443.) Each interpretation properly has sought to effectuate the purpose of the particular enactment there involved. The statute under scrutiny here is in essence an habitual offender law. Its purpose is to punish the

recidivist. This court has, therefore, looked for analogous situations in which the same question has arisen.

The decision of the Court of Appeals in *People ex rel. Marcley* v. *Lawes* (254 N. Y. 249, decided by a divided court of four to three) appears to be controlling in the instant case. It was there held that a conviction upon which sentence was suspended was not to be counted in determining the number of previous convictions under section 1942 of the Penal Law, which deals with the punishment of fourth offenders. It may well be true, as argued by respondent, that the decision in the *Marcley* case was dictated by considerations of sympathy and a desire to avoid the rigor of that so-called Baumes Law. But whatever belief a court at *nisi prius* may entertain thereon, this court is constrained to follow it, because the construction there advanced has acted as a precedent and has been cited with approval in a number of cases decided since its enunciation. (*People ex rel. Jobissy* v. *Murphy*, 244 App. Div. 834; affd., 268 N. Y. 695; certiorari denied, 298 U. S. 661; *People ex rel. La Placa* v. *Murphy*, 252 App. Div. 827; affd., 277 N. Y. 581; *People* v. *Meshel*, 245 App. Div. 673; *People ex rel. Sloane* v. *Lawes*, 255 N. Y. 112.) The rule is different with respect to the second offender statute, section 1941 of the Penal Law, because of express provision in the statute. (*People ex rel. Cox* v. *Wilson*, 257 App. Div. 893; affd., 281 N. Y. 712; *People* v. *Wengorra*, 256 App. Div. 508.)

Since subdivision (c) of section 203 of the Correction Law is the same type of statute as section 1942 of the Penal Law. *i. e.*, an habitual offender statute, the question of prior convictions must be resolved in the same way in both sections. True, there is a difference in the magnitude of the punishment involved, but such a difference cannot create a distinction in judicial interpretation of legislative intent. Since *People ex rel. Marcley* v. *Lawes* (*supra*) was decided, section 1942 of the Penal Law has not been amended in order to overcome the ruling in that case so as to make a suspended sentence count as a prior conviction. Nor has subdivision (c) of section 203 of the Correction Law been amended to avoid an interpretation consistent with *People ex rel. Marcley* v. *Lawes.* The section could easily be divested of any ambiguity by adding a line reading: " For the purposes of this section, a suspended sentence shall constitute a conviction," if the Legislature so desires. Until such amendment is made, the statute must be construed in the light of the doctrine of *People ex rel. Marcley* v. *Lawes.* I, therefore, hold that a conviction followed by a suspended sentence does not constitute a conviction within the meaning of subdivision (c) of section 203 of the Correction Law. The writ is sustained. Since the relator has served more than six months' imprisonment, the relator is discharged. Settle order.