— Claimant has had judgment against the State for injuries sustained by him while an inmate of Great Meadow Prison when he was thrown from a load of hay which «he was helping to load. The horses drawing the load, driven and controlled by a fellow inmate, started suddenly, causing claimant to lose his balance. The Court of Claims has found that claimant’s injuries resulted solely from the negligence of the driver and without contributory negligence on the part of the claimant. On this appeal the appellant does not question the findings as to negligence or lack of contributory negligence, but asserts that the Court of Claims was without jurisdiction under subdivision 2 of section 9 of the Court of Claims Act, because a fellow inmate is not an “ officer or employee” of the State and that therefore the State is not responsible for the negligence of such inmate. Both claimant and the driver of the hay wagon were under the immediate control, supervision and direction of a prison guard who was an employee of the State. They were directed to perform their particular assignments. The guard was present when the injuries occurred. No one contends that an inmate of a State prison is an employee of the State under ordinary circumstances. However, when the State undertakes to perform one of its functions through the medium of such inmates and directs them, as it did here, to perform certain duties under the immediate supervision of a State employee, then the State makes such inmates its agents and employees while in the performance of such duties, at least to the extent of rendering the State, liable for their tortious "acts in the performance of such duties. The responsibility of the State under such circumstances has been recognized before. (Sullivan v. State of New York, 257 App. Div. 893, affd. 281 N. Y. 718.) Judgment unanimously affirmed, with costs. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ.