■ OTIS McGAUGHY, Appellant, v STATE OF NEW YORK, Respondent.— Order unanimously reversed, without costs, and motion granted. Memorandum: Appellant appeals from an order of the Court of Claims which denied his motion for permission to file a late claim against the State. While confined at the Auburn Correctional Facility, appellant sustained personal injuries allegedly due to the negligence of the State as the result of a fire which occurred in his cell on November 22, 1973. He was immediately hospitalized in the institution's hospital where he remained until his discharge on February 21, 1974. In the latter part of January or early February, 1974 a law student, who was visiting other hospital inmates, discussed with appellant the possibility of his making a claim against the State for its negligence in connection with the fire and resulting injuries, and offered to and did in fact prepare a *pro se* notice of intention to file a claim which appellant signed. Thereafter, on February 6, 1974 a lawyer who was the law student's supervising attorney, also visiting other hospital inmates, resubmitted to appellant the previously signed notice of intention for him to initial a correction and execute his verification. Upon appellant executing the notice of intention, the lawyer took it with him, ostensibly for ultimate filing with the clerk of the Court of Claims and the Attorney-General (Court of Claims Act, § 11). The notice of intention was thereafter served by certified mail on both the clerk of the Court of Claims and the Attorney-General's office. However, for some inexplicable reason not appearing in the record, the notice was not received by the Attorney-General's office until February 21, 1974, 91 days after the prison cell fire of November 22, 1973, and by the clerk of the Court of Claims February 22, 1974, 92 days after the fire. On May 24, 1974 appellant's retained counsel first learned that the filing of the *pro se* notice of intention was filed two days late. After securing his hospital record, appellant moved for permission to file a late claim as authorized under subdivision 5 of section 10 of the Court of Claims Act and appeals from the denial of his motion by the trial court. The question of timeliness of filing under the provisions of section 10 of the Court of Claims Act is jurisdictional and must be strictly construed *(Brennan v State of New York,* 36 AD2d 569; *Kozak v State of New York,* 35 AD2d 909; *Bommarito v State of New York,* 35 AD2d 458, 459; *Dimovitch v State of New York* 33 AD2d 146, 149). Subdivision 5 of section 10 of the Court of Claims Act permits the court to grant an application for late filing, in its discretion, when claimant satisfactorily demonstrates: (1) a reasonable excuse for not filing within 90 days; (2) that the State, prior to the expiration of 90 days after the claim arose, had actual knowledge of the essential facts constituting the claim; and (3) that the State has not been substantially prejudiced by the delay in filing the claim. The failure to satisfy any one of these requirements mandates a denial of a request for late filing *(De Marco v State of New York,* 43 AD2d 786, affd 37 NY2d 735). Here the fire occurred in a State correctional facility. The State had actual knowledge and has conceded that it was not prejudiced by the late filing of the notice of claim. There remains, however, the question of whether there is a "reasonable excuse" for the failure to file within the 90-day period. The claimant was hospitalized during the entire 90-day period and actually prepared a notice of claim and attempted to file it timely. While concededly

the notice was received two days late, we find that the failure to file timely was through no fault of claimant. We conclude that these circumstances constitute a "reasonable excuse" under the statute and that since all the requirements of the section (Court of Claims Act, § 10, subd 5) have been satisfied, late filing should be permitted. (Appeal from order of Court of Claims—late notice of claim.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ.