Kenneth GROUCHULSKI, Plaintiff,

v.

The STATE OF NEW YORK; Thomas Coughlin, III, Individually and as Acting Commissioner of Correctional Services, Defendants.

No. 79–CV–613.

United States District Court, N. D. New York.

Jan. 4, 1980.

Kenneth Grouchulski, pro se.

No appearance for defendants.

FOLEY, District Judge.

MEMORANDUM–DECISION and ORDER

By memorandum-decision and order dated September 17, 1979, I dismissed the pro se complaint based on 42 U.S.C. § 1983 of this plaintiff, an inmate of Auburn Correctional Facility. As I read the claim of the plaintiff, and so described it in my memorandum, the plaintiff while working on a wood machine at the prison was injured when a piece of wood was ejected by the machine and imbedded into his thigh. The claim seemed to me to be one of pure negligence, and I decided that such a claim based upon negligence on its face did not present a viable constitutional claim. *See Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). I also noted that the plaintiff, as New York State prisoners have done for many years, could present such a claim for personal injury and damages to the New York State Court of Claims where the state sovereignty against negligence is waived. New York State always has been a liberal and progressive State and its prisoners may recover for injuries sustained in operating machines and equipment in the prison. N.Y. Court of Claims Act, Section 10, McKinneys 29A, Part 2; *see Sullivan v. State*, 257 App.Div. 893, 12 N.Y.S.2d 504, aff'd 281 N.Y. 718, 23 N.E.2d 543 (1939); *Colley v. State*, 2 Misc.2d 545, 152 N.Y.S.2d 968 (Ct. of Cl.1956); *McGaughy v. State*, 55 A.D.2d 823, 390 N.Y.S.2d 301 (1976).

A panel of the Court of Appeals, consisting of Chief Judge Kaufman, Circuit Judges Smith and Timbers, denied a motion for leave to appeal in forma pauperis and assignment of counsel, but vacated and remanded the case by this brief order dated December 18, 1979:

> The district court's order is vacated and the case is remanded for further proceed-

ings. *See Lewis v. New York*, 547 F.2d 4 (2d Cir. 1976). The district court is instructed to appoint counsel.

Along side the signatures of Chief Judge Kaufman and Circuit Judge Smith was written "I DISSENT. Wm. H. Timbers, USCJ"

It is still very difficult for me to accord this claim, sounding so much in negligence, constitutional federal stature but, of course, I must follow the direction of the Circuit Court's majority decision. *See Carey v. Piphus*, 435 U.S. 247, 253, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *Paul v. Davis*, 424 U.S. 693, 700–701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Estelle v. Gamble, supra*, 429 U.S. at p. 107, and n. 15, 97 S.Ct. 285. The only way to have further proceedings is to reinstate the complaint and direct the service of process upon the defendants, the State of New York and the Commissioner of Corrections. The next difficulty is that the United States Supreme Court has explicitly held that a suit under 42 U.S.C. § 1983 against a State or its Board of Corrections is barred by the Eleventh Amendment unless the State has consented to suit. *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). The Circuit order herein, as many do, does not direct dismissal against the defendant State of New York.

Another matter of interest, in my judgment, that should be noted is that the Circuit Court order which is endorsed on the bottom of a Notice of Motion does not indicate, nor does the motion indicate, that the Attorney General was given any opportunity in the Court of Appeals to participate in or be heard upon the pro se appeal that I allowed to be filed without fee in the first instance. In this District Court, copies of all memorandum-decisions and orders dismissing prisoner civil rights complaints are mailed to the Attorney General's office in Albany. This lack of notice has given concern in the past, and I think in justice and fairness to both sides of these ever increasing state prisoner § 1983 civil suits and inevitable appeal, the Attorney General of

New York State should try to make some arrangement with the Court of Appeals, Second Circuit, to obtain some notice of the pro se appeals and their issues, and at least have the opportunity to protect the interests of the State and its public officials in these appeals who are sued individually as well as officially for enormous sums of money. *See Graves v. Olgiati*, 550 F.2d 1327, 1328 n.1 (2d Cir. 1977). The *Olgiati* opinion, at p. 1328, recognizes that the district courts have the power to dismiss complaints wherein it is clear the constitutional claims asserted are "patently without merit" *citing Bell v. Hood*, 327 U.S. 678, 683, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *see also Ron v. Wilkinson*, 565 F.2d 1254, 1258–1259 (2d Cir. 1977). The best evidence, of course, of this inherent power is the ruling in *Estelle v. Gamble, supra*, wherein the sua sponte dismissal of the complaint by the district court was upheld by the Supreme Court, and the decision by the Court of Appeals directing the reinstatement of the complaint on the malpractice claims was reversed.

In this District Court, every State prisoner complaint is referred to a magistrate for review and report and in every case the Judges of this Court write and file memorandum-decisions, stating the reasons for dismissal. Each complaint of a prisoner is given careful consideration and there have been no serious complaints from the thousands of State prisoners confined in the maximum security State prisons located in this District. Over the years, to my knowledge, there have been hundreds upon hundreds of dismissal of prisoner rights complaints that received affirmance by summary orders of the Court of Appeals, Second Circuit. Actual experience with these State prisoner claims teaches us that many of the claims are not only frivolous on their face, but ridiculous in the constitutional sense. To my mind, a judge has the right to make his independent judgment on dismissal that a claim does not reach the high standards of constitutional violation and deprivation. If he is wrong, the Appellate Court should reverse. If every State civil rights complaint is to be filed with direction of service upon named defendants, often in great numbers, the burden placed upon the Court would be greatly increased. It should also be kept in mind that service of these complaints often with demands of millions of dollars does not lead to better the tense relationship that we know exists between inmates and correction officers. Every statistical survey has demonstrated that 95% and above of prisoner civil rights claims that are filed are frivolous. A judge should be allowed the perception to detect the ones with substance and thus relieve State officials and legal officers of the burden of responding to great numbers of frivolous claims. *See Shaw v. Harnett*, 587 F.2d 109 (2d Cir. 1978); *Frazier v. Ward*, 426 F.Supp. 1354 (N.D.N.Y.1977); *Wright v. McMann*, 460 F.2d 126 (2d Cir.), *cert. denied*, 409 U.S. 885, 93 S.Ct. 115, 34 L.Ed.2d 141 (1972).

Although I feel the law is definitely against it, to bring attention to the above-mentioned difficulties and procedures, I hereby vacate my September 17, 1979 order dismissing the complaint, and direct its service without payment of fees upon the two named defendants, the State of New York and Commissioner Coughlin. Service of the complaint upon the State of New York shall be effected by the service of the summons and complaint upon the Chief Executive of the State of New York, Governor Hugh L. Carey. *See* F.R.Civ.Proc. 4(d)(6).

I hereby request that Prisoners' Legal Services of New York, 111 South Cayuga Street, Ithaca, New York 14580, accept the assignment as counsel for further proceedings in this case. The Clerk is directed to send copies of all the pleadings and decisions in the case to that office. It should be noted that the Legal Services Project is publicly funded to service New York State prisoners, but reserves the right in this District Court to evaluate each prisoner's federal civil rights complaint before accepting assignment. It has not accepted such assignments, after review of the complaints in several instances, even when the Court of Appeals, Second Circuit, directed the District Court to appoint counsel upon remand.

It is so ordered.